## Ellestein Blayney by Joseph H. Blayney, Defendant in Error, v. J. Arthur Cotton, Plaintiff in Error.

### Gen. No. 19,774.

1. DAMAGES, § 233*—*sufficiency of verdict on assessment of damages after default.* Where a recorded verdict of a jury on assessment of damages after entry of default stated that "we the jury find the defendant guilty and assess the plaintiff's damages at" a certain sum, *held* that the words "find the defendant guilty and" were obviously inserted by mistake and were surplusage.

*See *Illinois Notes Digest,* *Vols. XI to XV,* and *Cumulative Quarterly,* same topic and section number.

2. PLEADING, § 285*—*when additional count to declaration may be filed.* Allowing plaintiff to file an additional count to his declaration after entry of default and assessment of damages and before final judgment, *held* not error where the court required notice to the defendant and gave him time to plead.

3. PLEADING, § 383*—*when additional count states no new cause of action preventing it to be added after verdict.* Where the original declaration averred that the defendant "carelessly, negligently and improperly" operated his automobile, an additional count averring that defendant "wilfully, wantonly and maliciously and with gross disregard of the life and limb of the plaintiff" operated his car, *held* not to state a new cause of action so that it could not be added after verdict.

4. JUDGMENT, § 132*—*when denial of motion to vacate default and for other relief not an abuse of discretion.* Overruling of a motion made by defendant to vacate a default judgment, to vacate the verdict, to vacate the default, to quash execution and strike an additional count from the files, to grant a new trial and leave to plead, *held* not an abuse of discretion, where affidavits in support of the motion stated that defendant had been informed by his attorney that the case had been abandoned and another affidavit tended to show a defense.

Error to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

CHARLES DANIELS, for plaintiff in error.

BLAISDELL & RANES, for defendant in error; HARRY F. BREWER, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This writ of error is brought to reverse a judgment of the Circuit Court of Cook county for three thousand dollars, entered by that court on January 25, 1913, under the following circumstances:

The defendant in error, Ellestein Blayney, September 13, 1912, sued the plaintiff in error, J. Arthur Cotton, in an action of trespass on the case for personal injuries alleged to have been incurred through the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

negligence of Cotton in running her down with an automobile as she was alighting from a street car. The summons taken out from the Circuit Court September 13, 1912, was returnable to the term of the Circuit Court to be holden on the third Monday of November, 1912, as it might legally be. It was personally served on Cotton September 18, 1912, and was filed in court September 24, 1912.

According to affidavits in the case it would appear that Cotton retained one W. L. Martin, a lawyer, to appear for him and that Martin between October 14th and November 19th several times "searched the register in the office of the Clerk of the Circuit Court," as he says, and found that no declaration had been filed, and believing that said suit was returnable to the October term, 1912, instead of the November term, on November 18, 1912, informed Cotton that "the case had been abandoned." The declaration was not filed until December 5, 1912, which was, however, ten days before the beginning of the term next succeeding the one to which the writ had been made returnable. On January 3, 1913, no appearance or plea being on file for defendant, the plaintiff's attorney applied to the court for a default. This order was thereupon entered:

"This day comes the plaintiff by his attorney and it appearing to the court that the defendant, J. Arthur Cotton, has failed to plead herein pursuant to the statute in such case made and provided, on motion of plaintiff's attorney it is ordered that the default of said defendant be and the same is hereby taken and entered herein of record. Wherefore the plaintiff ought to have and recover of and from the defendant his damages sustained herein by reason of the premises."

On the 17th of January, 1913, the record shows this entry:

"This day again comes the plaintiff by his attorney and thereupon reference is had to a jury to assess the plaintiff's damages herein, and it is ordered a jury

come, whereupon come the jurors of a jury of good and lawful men, to-wit'' (naming them) ''who being duly selected, tried and sworn well and truly to assess the plaintiff's damages herein and a true assessment render according to the evidence adduced, say—we the jury *find the defendant guilty and* assess the plaintiff's damages at the sum of Three Thousand Dollars.''

We have quoted this recorded verdict in full and italicized the words ''find the defendant guilty and'' to call attention to the obvious fact that they were mistakenly inserted in the verdict and were surplusage, neither adding to nor detracting from the action of the jury in the assessment of damages, which was all that was submitted to them. The ''guilt'' or ''innocence,'' the ''conviction'' or the reverse, of the defendant, in other words, the issue of his negligence, was not submitted to them nor were they sworn to try it. The default had settled that issue. The default was regularly taken, and no such showing of any excuse or any diligence was made on the hearing of the motion to open it afterwards entered as would justify us in saying that the refusal of the motion was an abuse of discretion. The attorney's negligence or mistake must be imputed to his client.

January 21, 1913, however, the attorneys for the plaintiff caused to be served on the defendant Cotton a notice that they would on January 23, 1913 (before the judge who entered the default and before whom the assessment of damages was made, and naming hour and place), move for leave to file an additional count to the declaration (with a copy of which additional count defendant was served with the notice), and also move for judgment upon the verdict theretofore rendered. The defendant by affidavit admits the service of the notice, but says that he relied on the former statements of his attorney and believed that said cause had been abandoned. He did not appear nor did any one for him on January 23rd. The court on that day granted the leave asked for to file an additional count

instanter, and further ordered that the defendant be required to plead to the additional count instanter. The court did not enter judgment upon the verdict at that time.

The additional count differed from the first count of the declaration already on file in this only: Whereas that alleged that the defendant "so carelessly, negligently and improperly" operated his automobile as to produce the accident, the additional count averred that "wilfully, wantonly and maliciously and with gross disregard of the life and limb of the plaintiff" he operated his car.

There certainly was no sufficient excuse offered either by the defendant or his counsel, for ignoring or neglecting the notice served on the defendant on January 21, 1913. He was then apprised not only that the case was not abandoned, but that there was a verdict of some kind in it and that a judgment was imminent. Had he then appeared, asked for the default to be opened and for leave to plead, he might have been more successful than he was later.

There was no error in the court's allowing the additional count to be filed after the default and assessment of damages and before final judgment. The judge was considerate of the rights of the defendant in requiring notice of the motion and giving time to plead.

It has been expressly decided that a count not stating a new cause of action may be added after verdict and before judgment.

*Independent Order of Mutual Aid v. Paine,* 122 Ill. 625-629; *Wabash R. Co. v. Campbell,* 219 Ill. 312-321.

And it has been also expressly decided that an additional count, which for the first time charges the defendant in a personal injury suit with "a wanton and reckless disregard of its duty" and with "negligent, unlawful and wanton misconduct," instead of mere negligence, does not state a new cause of action.

*Blanchard v. Lake Shore & M. S. Ry. Co.*, 126 Ill. 416, pp. 420 and 426.

January 25, 1913, the following order was entered:

"This day again comes the plaintiff to this suit by his attorney and it appearing to the Court that the defendant has failed to plead herein as heretofore required by a rule of this Court, on motion of plaintiff's attorney it is ordered that the default of said defendant be taken and the same is hereby entered herein of record for want of compliance with said rule. Whereupon the plaintiff ought to have and recover of and from the defendant his damages sustained herein by reason of the premises.

"Thereupon it is considered by the Court that the plaintiff do have and recover of and from the defendant his said damages of three thousand dollars in form as aforesaid by the jury assessed, together with his costs and charges in this behalf expended and have execution therefor."

Thus after a second default judgment was entered on the first default and the following assessment of damages. We see no error in it, but we call attention again to the fact that no jury has passed on the issues of negligence or of "wanton, wilful and malicious conduct." It was a default in each case which admitted the allegations of the counts of the declaration and a judge who entered the default and thus adjudicated and recorded the admissions.

February 14, 1913, the defendant for the first time appeared. He appeared by the attorney who it is now suggested in argument "had abandoned the case." February 15, 1913, by the said attorney, he moved "to vacate the judgment, to vacate the verdict, to vacate default, to quash execution and strike additional count from the files, to grant a new trial and leave to plead." Afterwards on April 29, 1913, this motion on hearing was overruled by the court. To support it the affidavits hereinbefore mentioned and one of said defendant tending to show a defense to the charge either of

negligence or of wanton misconduct, and to minimize the injury done to the plaintiff, were read.

We see no error in the overruling of the motion. It was within the discretion of the court, and we do not think that discretion was abused or under the circumstances even hastily used.

Counsel for defendant place great emphasis on the liability of the defendant, which he claims exists, to imprisonment under a *capias ad satisfaciendum* because of the allowance of the filing of the additional count of the declaration—a liability which did not exist before that was filed. It would seem that a good time for one to cross that bridge would be when he arrives at it. We have no interest in or disposition to decide a question not before us, but perhaps a study of the Act of the General Assembly of Illinois of June 17, 1793, entitled "An Act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment" and of the cases which have construed it, may tend if not to dissipate the fears of counsel at least to temper them.

*Affirmed.*