## McINTYRE *v.* KAVANAUGH.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW
YORK.

No. 88.　Argued November 10, 1916.—Decided December 4, 1916.

Partners are individually responsible for torts committed by their
　firm while acting within the general scope of its business, whether
　they personally participate therein or not.
One who, being entrusted with the possession of corporate stocks as
　security for an indebtedness, deliberately sells them and appropriates
　the proceeds, in excess of the debt secured, without the knowledge or
　consent of their owner, is guilty of a "willful and malicious" in-
　jury to property within the meaning of § 17, clause 2, of the Bank-
　ruptcy Act, as amended by the Act of February 5, 1903, 32 Stat.
　798, and, consequently, his liability is not released by a discharge
　in bankruptcy.
210 N. Y. 175, affirmed.

THE case is stated in the opinion.

*Mr. Robert H. Patton* for plaintiff in error.

*Mr. Myer Nussbaum* for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of
the court.

Plaintiff in error was a member of T. A. McIntyre and
Company, engaged in business as brokers. During
February, 1908, the partnership received certain stock
certificates owned by defendant in error and undertook
to hold them as security for his indebtedness amounting
to less than one-sixth of their market value. Within a
few weeks, without authority and without his knowledge,
they sold the stocks and appropriated the avails to their

own use. Shortly thereafter both firm and its members were adjudged bankrupts. After his discharge in bankruptcy this suit was instituted against plaintiff in error seeking damages for the wrongful conversion. He set up his discharge and also personal ignorance of and non-participation in any tortious act.

The trial court held the liability was for wilful and malicious injury to property and expressly excluded from release by § 17 (2), Bankruptcy Act, as amended in 1903; and that the several partners were liable. A judgment for damages was affirmed by Appellate Division, 128 App. Div. 722, and Court of Appeals, 210 N. Y. 175.

That partners are individually responsible for torts by a firm when acting within the general scope of its business whether they personally participate therein or not we regard as entirely clear. *Castle* v. *Bullard*, 23 How. 172; *Matter of Peck*, 206 N. Y. 55. If under the circumstances here presented the firm inflicted a wilful and malicious injury to property, of course, plaintiff in error incurred liability for that character of wrong.

As originally enacted, § 17 of the Bankruptcy Act provided:

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as . . . (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; . . . (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

This was amended by Act February 5, 1903, so as to read:

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as . . . (2) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries

to the person or property of another, or for alimony due
or to become due, or for maintenance or support of wife
or child, or for seduction of an unmarried female, or for
criminal conversation; . . . or (4) were created by
his fraud, embezzlement, misappropriation, or defalcation
while acting as an officer or in any fiduciary capacity."

The trial court found—

That on February 5, 1908, McIntyre and Company by
agreement obtained possession of Kavanaugh's stocks,
worth approximately $25,000, and held them as security
for his indebtedness amounting to $3,853.32.

"That almost immediately after taking over said stocks
by certificates as aforesaid by said firm of T. A. McIntyre
& Company, composed as aforesaid, and commencing on
the very next day, said firm of T. A. McIntyre & Company
(the above-named defendants being members thereof)
without any notice to the plaintiff, and without his author-
ity, knowledge or consent, or demand of any kind upon
him, sold and disposed of the identical certificates of such
stock and scrip so turned over to them as aforesaid, and
placed the avails thereof in the bank account of said firm
of T. A. McIntyre & Company to the credit of said firm.

"That the various stocks aforesaid had all been disposed
of prior to the 18th day of March, 1908, and that three-
quarters in value thereof had been disposed of on or prior
to February 14th, 1908, or within nine days after the ac-
quisition of the possession thereof by defendant's firm
as aforesaid.

"That the above named defendants, together with the
other members of said firm of T. A. McIntyre & Company,
in disposing of said stocks aforesaid, without notice to, or
demand upon the plaintiff, and without his authority,
knowledge or consent, and in depositing the proceeds and
avails thereof in the bank account to the credit of said
firm of T. A. McIntyre & Company, committed wilful and
malicious injury to the property of the plaintiff.

"That on April 23rd, 1908, the said firm of T. A. McIntyre & Company filed a petition in bankruptcy in the United States District Court for the Southern District of New York, and were afterwards adjudicated bankrupts.

"That thereafter the plaintiff in this action proved his claim against the bankrupt estate without waiving any legal rights in this action or otherwise."

To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words. Bouvier's Law Dictionary—Injury. And this we understand is not controverted; but the argument is that an examination of our several Bankruptcy Acts and consideration of purpose and history of the 1903 amendment will show Congress never intended the words in question to include conversion. We can find no sufficient reason for such a narrow construction. And instead of subserving the fundamental purposes of the statute it would rather tend to bring about unfortunate if not irrational results. Why, for example, should a bankrupt who had stolen a watch escape payment of damages but remain obligated for one maliciously broken? To exclude from discharge the liability arising from such transactions as those involved in *Crawford* v. *Burke*, 195 U. S. 176, and here presented, not improbably was a special purpose of the amendment.

In *Tinker* v. *Colwell*, 193 U. S. 473, 485, 487, we said of original § 17 (2), "In order to come within that meaning as a judgment for a willful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained." And further, "A willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to

come within the exception. It is urged that the malice referred to in the exception is malice towards the individual personally, such as is meant, for instance, in a statute for maliciously injuring or destroying property, or for malicious mischief, where more intentional injury without special malice towards the individual has been held by some courts not to be sufficient. *Commonwealth* v. *Williams*, 110 Massachusetts, 401. We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor and not a malicious wrongdoer that was to be discharged."

The circumstances disclosed suffice to show a wilful and malicious injury to property for which plaintiff in error became and remains liable to respond in damages. The judgment below is

*Affirmed.*