WILLCOX-IVES & CO. v. LEVERETT

(123 S. E., 101)

BANKRUPTCY—PRINCIPAL'S CLAIM AGAINST DEFAULTING AGENT NOT DIS-
CHARGED.—Where agent to sell fertilizer and to collect purchase-
money notes failed to pay over proceeds collected, he breached a
trust, and hence under Bankruptcy Act, § 17, subd. 4 (U. S. Comp.
St. § 9601), principal's claim was not released by agent's discharge
in bankruptcy.

Before PRINCE, J., Anderson, 1917.   Reversed and re-
manded.

Action by Willcox-Ives & Co., a partnership, against S.
E. Leverett.   From a judgment entered on a directed ver-
dict in favor of defendant, plaintiffs appeal.

*Mr. Leon L. Rice* for appellant.

*Mr. A. H. Dagnall* for respondent.

June 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an appeal from a directed verdict in favor of the
defendant by his Honor, Judge Prince, at the conclusion of
the evidence of the trial at the summer Court, 1914, for
Anderson County.

The verdict was directed by the Court in favor of the
defendant on the ground that the debt was discharged in
bankruptcy and because there was no evidence showing an
intent to defraud the plaintiffs.   The appellants by excep-
tions impute error to the Circuit Judge in directing the ver-
dict.

The Circuit Judge held that the claim of the defendant
was released by his discharge in bankruptcy and that the
claim was not a debt coming within the terms of Section
17, Subd. 4, of the Bankruptcy Act (U. S. Comp. St., §
9601), which is as follows:

"A discharge in bankruptcy shall release a bankrupt from
all his provable debts, except such as * * * were created

by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

The sole question for consideration as made by the exceptions is whether the debt sued on was released by defendant's discharge in bankruptcy, and involves the meaning of this section. The question turns upon the meaning of the phrase "any fiduciary capacity" as used in the Act.

The testimony in the case is clear that Leverett was acting as the agent of the plaintiffs under a special contract wherein he was not a buyer or purchaser, but agent of the plaintiffs. The contract shows that Leverett was to sell the fertilizers for the plaintiffs, and not that the plaintiffs had sold to Leverett. The notes of customers were to be taken payable to the plaintiffs, and Leverett was to collect the same for the plaintiffs, and agreed not to mingle such collections with his own funds.

Under this contract he admittedly collected $791.03, which was the property of the plaintiffs, and did not pay this sum over to the plaintiffs. It was for the jury to say under the agreement or contract between the parties as to whether or not Leverett breached his trust. He was the agent of the plaintiffs with an express written trust accepted by him.

This section of the Bankruptcy Law has been construed by the Supreme Court of United States, which holds that the unauthorized sale of stock by a firm of brokers, of certificates, of stock held by them as collateral, and appropriation of the avails to their own use without the knowledge of the owner is a willful and malicious injury to property within the meaning of the provision of Bankruptcy Act July 1, 1898, etc., that the discharge in bankruptcy shall not release the bankrupt, etc. United States Supreme Court, December 4, 1916, *John G. McIntyre, Plaintiff in Error, v. Frederick W. Kavanaugh,* 242 U. S., 138; 37 Sup. Ct., 38; 61 L. Ed., 205.

There is no technical fiduciary relation in this case.

Under our State law it is a trust, and his Honor was in

error in directing the verdict for the defendant, and the judgment is reversed and new trial granted.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur.

MR. JUSTICE HYDRICK did not sit.