## Citizens Trust & Savings Bank, Appellant, v. Ernest I. Dresher, Appellee.

### Gen. No. 29,839.

1. LIMITATIONS OF ACTIONS—*when amended declaration does not allege new cause of action within statute.* No new cause of action within the bar of the statute of limitations is alleged by a declaration in trover for the conversion of securities where a plea of discharge in bankruptcy was sustained to the original declaration on demurrer to the plea and the amended declaration was identical with the original except for the addition of the words "wilfully and maliciously" to the charge of conversion, inserted for the purpose of avoiding the bar by discharge, and where both the original and the amended declaration charged, in legal effect, only that defendant was guilty of a wanton, reckless disregard of duty, amounting to wilfulness and malice within the meaning of the Bankruptcy Act.

2. APPEAL AND ERROR—*contention presented for review on appeal from ruling on demurrer.* A plaintiff, suing in trover for the conversion of certain securities, whose original declaration was held vulnerable to a plea of discharge in bankruptcy, by the overruling of his demurrer to the plea, and who thereupon amended his declaration by adding the words "wilfully and maliciously" to the charge of conversion to meet the bar of the discharge, does not seek a review of the ruling on his demurrer to the plea of discharge contrary to his waiver of his demurrer by amending, where he asks for a review of the trial court's ruling overruling his demurrer to a plea of the statute of limitations to the amended declaration and contends that no new cause of action was stated by the amended declaration, even though a construction of the original declaration is thereby called for in the reviewing court, since by standing on the amendment he presents for review only the question of the sufficiency of that pleading.

Citizens Trust & Savings Bank v. Dresher, 237 Ill. App. 614.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding.    Heard in the first division of this court for the first district at the October term, 1924.   Reversed and remanded with directions.   Opinion filed June 22, 1925.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellant; HENRY S. MOSER, of counsel.

JACOBSON, MERRICK & LATTER, for appellee; SIDNEY C. NIERMAN, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by the Citizens Trust & Savings Bank, the plaintiff, from a judgment overruling the demurrer of the plaintiff to the plea of the statute of limitations filed by Ernest I. Dresher, the defendant, to the amended declaration of the plaintiff.

The action was one of trover brought by the plaintiff to recover the value of certain stock certificates alleged to have been converted by the defendant to his own use. To the original declaration the defendant pleaded the general issue and discharge in bankruptcy. The plaintiff demurred to the plea of discharge in bankruptcy and the demurrer was overruled. The plaintiff then filed an amended declaration. The defendant filed three pleas to the amended declaration, —the general issue, discharge in bankruptcy and the statute of limitations. The plaintiff demurred to the plea of discharge in bankruptcy and to the plea of the statute of limitations. The court sustained the plaintiff's demurrer to the plea of discharge in bankruptcy and overruled the plaintiff's demurrer to the plea of the statute of limitations. The plaintiff elected to abide by the amended declaration.

The theory on which the court overruled the plaintiff's demurrer to the plea of the statute of limitations was that the plaintiff's amended declaration stated a new cause of action, and that more than five

years had intervened between the date of the alleged conversion by the defendant and the date of the filing of the amended declaration.

The question to be determined is whether the amended declaration stated a new cause of action.

The original declaration was substantially as follows:

"First Count: On May 27th plaintiff was possessed of securities (listing securities in question) of the value of $10,000. Plaintiff lost the securities and they came into possession of defendant by finding. Well knowing securities were the property of the plaintiff, defendant refused to return the same and converted and disposed of the same to his own use.

"Additional Count: On August 25, 1917, defendant was indebted to plaintiff in the sum of $8800.00 and executed and delivered to plaintiff three (3) notes to evidence the indebtedness. To secure the payment of the indebtedness defendant deposited with plaintiff securities (listing securities in question) of the value of $10,000. On February 27, 1918, defendant, for the purpose of obtaining possession of the securities executed and delivered to plaintiff a trust receipt agreeing to hold the securities in trust for plaintiff and as plaintiff's agent, and to account for same in ten days. That plaintiff delivered securities to defendant upon the terms of said receipt. That the defendant failed to return the securities or to account for same, but converted and disposed of same to his own use."

The amended declaration was as follows:

"First Count: On May 27th plaintiff was possessed of securities (listing securities in question) of the value of $10,000. Plaintiff lost the securities and they came into possession of defendant by finding. Well knowing the securities were the property of the plaintiff, defendant wilfully and maliciously refused to return same and wilfully and maliciously converted and disposed of same to his own use.

"Second Count: On August 25, 1917, defendant was indebted to plaintiff in the sum of $8800.00 and executed and delivered to plaintiff three (3) notes to evidence the indebtedness. To secure the payment

of the indebtedness defendant deposited with plaintiff securities (listing securities in question) of the value of $10,000. On February 27, 1918, defendant, for the purpose of obtaining possession of the securities executed and delivered to plaintiff a trust receipt agreeing to hold the securities in trust for plaintiff and as plaintiff's agent, and to account for same in ten days. That plaintiff delivered securities to defendant upon the terms of said receipt. That the defendant wilfully and maliciously failed to return the securities or to account for same and wilfully and maliciously converted and disposed of same to his own use."

The only difference between the original declaration and the amended declaration is that the amended declaration contains the additional words "wilfully and maliciously."

The precise question to be decided is whether these words had the effect of creating a new cause of action.

It is contended by counsel for the plaintiff that in the sense in which the words are used in the Bankruptcy Act, they did not change the content of the amended declaration at all; that they do not mean actual malice or wilfulness, but only such acts as evidence a wanton, reckless disregard of duty; and that the allegations in both the original declaration and the amended declaration, to the effect that the defendant as trustee of certain funds converted those funds to his own use, are sufficient to connote a wanton, reckless disregard of duty, or, in other words, wilfulness and malice within the meaning of the Bankruptcy Act.

We agree with the contentions of counsel for the plaintiff.

In the case of *McIntyre v. Kavanaugh*, 242 U. S. 138, 141, 142, the court held that one who, being intrusted with the possession of corporate stocks as security for an indebtedness, deliberately sells them and appropriates the proceeds, in excess of the debt secured, without the knowledge or consent of their

owner, is guilty of a "wilful and malicious" injury to property within the meaning of the Bankruptcy Act.

In the case of *Tinker v. Colwell*, 193 U. S. 473, the court said (p. 487) that " a wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception" of the Bankruptcy Act.

In the case of *In re Stenger*, 283 Fed. 419, the court said (p. 421):

"While there was formerly some doubt and conflict as to whether a claim for the conversion by an agent of money or other property intrusted to his custody by or on behalf of the owner thereof is a wilful and malicious injury within the meaning of section 17 (2), and therefore dischargeable in bankruptcy, it is, in my opinion, now settled law that a claim based on a conversion such as that here involved is a wilful and malicious injury, which claim, under section 17 (2), is not dischargeable in bankruptcy. *McIntyre v. Kavanaugh*, 242 U. S. 138."

In the case of *Mason v. Sault*, 93 Vt. 412, in an action in trover for the conversion of a mare, the court said (pp. 415, 416, 417):

"It remains to consider whether the unauthorized sale of the mare, in the circumstances disclosed in the evidence, was 'a wilful and malicious injury' thereto within the meaning of the Bankruptcy Act. Prior to the pronouncement by the Supreme Court of the United States in *McIntyre v. Kavanaugh*, 242 U. S. 138, 61 L. Ed. 205, 37 Sup. Ct. 38, there was a conflict respecting this matter in the decisions of the inferior courts. But that case has clarified the situation and renders the holdings of other courts to the contrary of no force as precedents. * * * Some of the cases hold that for a conversion to be within the exception it must amount to larceny. But such is not the holding in *McIntyre v. Kavanaugh*. The rule

fairly deducible therefrom is that the disposal of another's property without his knowledge or consent, done intentionally in disregard of what one knows to be his duty, to the other's injury, is a wilful and malicious injury to property within the meaning of the Bankruptcy Act.''

On the above authorities we are of the opinion that the additional words ''wilfully and maliciously,'' which were inserted in the amended declaration, did not state a new cause of action; that although the words ''wilfully and maliciously'' were omitted from the original declaration, that declaration states the same cause of action as the amended declaration.

It has been analogously held, in an action for damages for a personal injury, that an additional count, which for the first time charges the defendant with ''a wanton and reckless disregard of its duty'' and with ''negligent, unlawful and wanton misconduct,'' instead of mere negligence, does not state a new cause of action. *Blayney v. Cotton*, 189 Ill. App. 205, 209.

Counsel for the defendant contend that in taking the position that the words ''wilfully and maliciously,'' which were added to the amended declaration, do not state a new cause of action, the plaintiff is, in effect, seeking to review the action of the court in overruling the plaintiff's demurrer to the plea of discharge in bankruptcy, which the defendant interposed to the plaintiff's original declaration; that the plaintiff did not stand on the demurrer and appeal, but amended the declaration; and that, therefore, the plaintiff has waived ''its right to insist that the declaration was sufficient to charge a cause of action to which a plea of a discharge in bankruptcy would not be a defense.'' In support of their contention counsel for the defendant cite authorities which hold that where the demurrer of a party is overruled and the party pleads over, he waives the grounds of demurrer and cannot raise the legal questions presented by the demurrer.

In our opinion the plaintiff is not asking for a review of the court's action in overruling the plaintiff's demurrer to the defendant's plea of discharge in bankruptcy to the original declaration. The plaintiff is asking for a review of the ruling of the court that the amended declaration stated a new cause of action, and was, therefore, barred by the statute of limitations. When the plaintiff's demurrer to the plea of the statute of limitations, which was interposed by the defendant to the amended declaration, was overruled, the plaintiff elected to abide by the amended declaration. This, of course, was in accordance with proper procedure. The question, therefore, that is presented for review relates to the amended declaration, not to the original declaration. It is true that when we hold that a new cause of action was not stated in the amended declaration by the insertion of the additional words "wilfully and maliciously," it necessarily follows from our opinion that the original declaration was sufficient to bring the defendant within the exception of the Bankruptcy Act without the additional words. We are not, however, passing directly on the sufficiency of the original declaration. We are considering only the amended declaration. The plaintiff cannot be denied its right to have the question whether it was justified in abiding by the amended declaration reviewed merely because a determination of that question incidentally involves a question relating to the original declaration.

For the reasons stated in the opinion, the judgment of the trial court is reversed and the cause remanded with directions to the trial court to sustain the plaintiff's demurrer to the defendant's plea of the statute of limitations.

*Reversed and remanded with directions.*

McSurely, P. J., and Matchett, J., concur.