## In re BINSKY.

District Court, S. D. New York.
Jan. 15, 1934.

Gettinger & Gettinger, of New York City, for Straus Nat. Bank & Trust Co.

Nathan G. Behrman, of New York City (Benjamin S. Kirsh, of New York City, of counsel), for bankrupt.

PATTERSON, District Judge.

Binsky was adjudicated a bankrupt on December 29, 1933. A few days later he obtained ex parte a stay restraining Straus National Bank & Trust Company from proceeding further in a suit which it had commenced against him in the New York Supreme Court. The present motion is by the bank to vacate that stay. The sole question is whether the liability against the bankrupt asserted in the suit is one dischargeable in bankruptcy. If it is, the stay should not be disturbed; if it is not, the stay should be removed.

The complaint in the state court alleged that the bankrupt, as collateral security for loans made to him, executed an assignment in favor of the bank, covering his interest in a certain corporation; that thereafter the bankrupt received more than $4,000 from the corporation on account of his interest in it; that the moneys belonged to the bank by virtue of the assignment, but that the bankrupt, instead of paying them over, converted them to his own use.

Liabilities for "willful and malicious injuries to the person or property of another" are excepted from debts dischargeable in bankruptcy under section 17 of the Bankruptcy Act (11 USCA § 35). The deliberate conversion of property belonging to another is such an injury, whether the property be sold by the bankrupt or be used and kept by him for his own purposes. McIntyre v. Kavanaugh, 242 U. S. 138, 37 S. Ct. 38, 61 L. Ed. 205; In re Keeler (D. C.) 243 F. 770; Baker v. Bryant Fertilizer Co. (C. C. A.) 271 F. 473; In re Stenger (D. C.) 283 F. 419; In re Nordlight (D. C.) 3 F. Supp. 486. Here the bank has brought suit on the charge that although the bankrupt had assigned to it his interest in a company, he thereafter collected and kept for himself moneys arising from the assigned property. If the facts alleged are true, there was an intentional conversion of the bank's property and a "willful and malicious" injury to its property. Covington v. Rosenbusch, 148 Ga. 459, 97 S. E. 78, is precisely in point. There the bankrupt assigned his wages for value and later collected them himself, refusing to turn them over to the assignee. It was held that he was liable for conversion and that a later discharge in bankruptcy did not rid him of the liability.

The bankrupt has interposed an affidavit which tends to indicate that there was no conversion. The court cannot consider matters of this sort. The question now is, not what the bankrupt did, but what he is charged in the pending suit with having done. It is clear that the liability asserted against him is one not dischargeable in bankruptcy.

The application to vacate the stay will therefore be granted.