## In re MINSKY.

District Court, S. D. New York.
July 15, 1942.

Emil H. Wasserberger, of New York City, for judgment-creditor.

Frank E. Weiss, of New York City, for bankrupt.

GODDARD, District Judge.

This is a motion by Sidney Stone, a judgment-creditor of the bankrupt, for an order vacating and setting aside an ex parte order of this court, dated May 12, 1942 enjoining him from taking any steps except in bankruptcy to collect his judgment.

The judgment-creditor contends that the judgment for $6,474.50, which he obtained against the bankrupt on February 14, 1940 in the New York Supreme Court, was predicated upon the bankrupt's wrongful act in maliciously and willfully inducing the breach of a contract which Stone had with another party and is not a debt dischargeable in bankruptcy.

The bankrupt contends that the judgment was rendered against him by default; that it does not appear from the papers presented in support of this motion just what theory the judgment was based upon; and that the basis for the judgment was probably a breach of contract with no malice or willful misconduct.

If the liability is for willful and malicious injury to the person or property of another, it comes within the exception and is not a debt dischargeable in bankruptcy. Bankruptcy Act § 17, sub. a (2), 11 U.S.C.A. § 35, sub. a (2), and the stay should be vacated.

To determine the character of the action reference must be had to the pleadings upon which the judgment was rendered. In re Wegner, 7 Cir., 88 F.2d 899; Swift & Co. v. Bullard & Son, D.C., 3 F.2d 814. Paragraphs thirteenth and fourteenth of the complaint read as follows:

"13th. On information and belief, that on or about the 19th day of March 1937 or several days prior thereto, defendant knowingly, intentionally, maliciously and wrongfully induced, persuaded and procured the said Hank Henry to violate, repudiate and break his said agreement with plaintiff [said agreement being annexed hereto as Exhibit 'A'] and to refuse to proceed further thereunder and to enter into an agreement with defendants for his employment, all to the exclusion of plaintiff, contrary to and in violation of the provisions of the said contract referred to as Exhibit 'A' herein."

"14th. That plaintiff protested to defendants against the procurement and enticement hereinabove referred to and demanded of defendants that it and they desist from further procuring or inducing the said Hank Henry to breach his said contract with plaintiff, under pain of being held liable by plaintiff for all damages resulting therefrom, which said protests were ignored and which said demands were in all respects refused; that in spite of said warnings, said defendants willfully, actively and maliciously persisted after such protest and demands in accomplishing the procuring and inducing of the breach of the said contract by the said Hank Henry."

It appears that the action was for willful and malicious interference with the plaintiff's contract relations or property. No other cause of action was alleged in the complaint, and judgment was entered against the bankrupt by default after inquest.

According to the record there was therefore a willful and malicious injury to person or property within the meaning of the exception in the statute. Cf. Tinker v. Colwell, 193 U.S. 473, page 485, 24 S.Ct. 505, 48 L.Ed. 754; Brown v. Garey et al., 267 N.Y. 167, 196 N.E. 12, 98 A.L.R. 1449, certiorari denied 296 U.S. 615, 56 S.Ct. 136, 80 L.Ed. 437; Kavanaugh v. McIntyre, 210 N.Y. 175, 182, 104 N.E. 135, affirmed 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205; see also Campbell v. Gates, 236 N.Y. 457, 141 N.E. 914.

The motion to vacate the stay is granted and the order of May 12th is vacated.

Settle order on notice.