WEEKS, APPELLANT, *v.* STREICHER, ADMR., APPELLEE.

(No. 3996—Decided December 20, 1943.)

Mr. *Wilson W. Snyder* and Messrs. *Welles, Kelsey, Cobourn & Harrington,* for appellant.

Mr. *August M. Streicher,* for appellee.

LLOYD, J. In 1932 the Circuit Court of Wayne county, Michigan, finding in an action therein commenced by the plaintiff, appellant herein, against Northern Motor Sales Company and Charles H. Koerber as defendants therein, "that the defendants are guilty in manner and form as the plaintiff hath in his declaration in this cause complained against them," assessed plaintiff's damages in the sum of $2,000, for which judgment was rendered against the defendants "together with the costs and charges taxed at $76," for all of which execution was awarded. In the declaration of plaintiff to which the court referred in its judgment entry it was alleged, in substance, that the defendants "well-knowing that the plaintiff was lawfully possessed as of his own property of certain goods and chattels (describing them) converted and disposed of the same to their own use" and that on the same day, March 4, 1927, "made an assault upon Gertrude E. Weeks, the wife of the said plaintiff * * * and then and there violently kicked, beat, bruised, wounded and ill-treated her," whereby he "was deprived of the comfort, benefit and assistance of the said Gertrude E. Weeks in his domestic affairs" and incurred an expense of $100 in caring for her during her resulting illness.

Subsequently Koerber filed a petition in bankruptcy in the United States District Court for the Eastern District of Michigan, listing Weeks as one of his creditors because of the aforesaid judgment. Weeks opposed the granting of a discharge to Koerber, one of his alleged grounds therefore being that his judgment claim was one for damages for wilful and malicious injury to his property. The objection of Weeks was denied for the reason that the issue raised related "to the effect of the discharge and not to the granting of it." Koerber was granted a discharge in bankruptcy on January 16, 1934. He died testate on July 30, 1941.

The Probate Court appointed August M. Streicher administrator with the will annexed of his estate. The judgment claim of Weeks was duly presented to the administrator, by whom it was rejected.

On March 20, 1942, Weeks commenced an action in the Court of Common Pleas, on the Michigan court judgment, against the administrator for $2,000—the amount thereof, plus interest, together with his costs. Upon trial thereof, on June 2, 1943, the Court of Common Pleas, finding upon the issues joined in favor of the administrator and overruling the motion of Weeks for a new trial, rendered judgment against him, ordering that he pay the costs of the action.

The record shows that the motion for a new trial was filed on April 27, 1943, many days before the court entered its finding, and if the judgment to be rendered herein depended solely upon a consideration of the weight of the evidence, the judgment of the Court of Common Pleas would be affirmed. *State, ex rel. Indus. Comm.*, v. *Day*, 136 Ohio St., 477, 26 N. E. (2d), 1014.

But, since the record discloses no conflict as to the facts, the appeal was properly taken and presents to this court for consideration the assigned error that the judgment of the Court of Common Pleas is contrary to law.

The Federal Bankruptcy Act excludes from its operation claims for "wilful and malicious injuries to the person or property of another." Title 11, Section 35, U. S. Code.

Is the judgment claim of Weeks based on a wilful and malicious injury, and provable as such?

The judgment entry of the Michigan court, as heretofore stated, finds that the "defendants are guilty in manner and form as the plaintiff hath in his declaration in this cause complained against them," which is to say that the facts alleged in the declaration are true.

And in the declaration it is alleged that the defendants, well-knowing that the plaintiff was lawfully possessed of the goods and chattels described therein as of his own property, converted and disposed of the same to their own use and that by reason of the unlawful conversion, damage ensued to the plaintiff. Also there is alleged therein, the damage to plaintiff resulting from the assault on Mrs. Weeks hereinbefore mentioned. An assault surely is intentional and malicious, and the conversion of property, knowing it to be unlawful, imports an intentional act without just cause or excuse.

"Malice, in common acceptation, means ill will against a person, but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse." *Tinker* v. *Colwell*, 193 U. S., 473, 485, 48 L. Ed., 754, 24 S. Ct., 505.

"To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words." *McIntyre* v. *Kavanaugh*, 242 U. S., 138, 141, 61 L. Ed., 205, 37 S. Ct., 38. See, also, *In re Phillips*, 298 F., 135, 138.

This court is of the opinion that the discharge of Koerber in the bankruptcy proceedings did not release his liability on the judgment rendered in the Wayne county Circuit Court of Michigan.

The judgment of the Court of Common Pleas is reversed as being contrary to law and final judgment is rendered for the plaintiff, appellant herein.

*Judgment reversed and final judgment for appellant.*

CARPENTER and STUART, JJ., concur.