DIECASTERS, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LAMAR SALES CORPORATION, A CORPORATION OF NEW JERSEY, DEFENDANT, AND LEO GOLDENBERG, INDIVIDUALLY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 10, 1957—Decided July 3, 1957.

Before Judges CLAPP, FRANCIS and STANTON.

*Mr. Chester Mueller* argued the cause for plaintiff-respondent (*Mr. Anthony V. Caruso,* on the brief).

*Mr. Benjamin Gittleman* argued the cause for defendant-appellant.

The opinion of the court was delivered by

Clapp, S. J. A. D.  The question presented by this appeal is whether a judgment secured by the plaintiff against the defendant, Leo Goldenberg, in the Superior Court, Law Division, was released by Goldenberg's subsequent discharge in bankruptcy.  The Law Division held that the judgment rested on a claim for willful and malicious injury and therefore was not dischargeable.  11 *U. S. C. A.* § 35.  Goldenberg appeals.

Plaintiff brought the action against the defendant Lamar Sales Corporation for breach of contract, and against Goldenberg, its president, for a conversion.  Under the contract between plaintiff and Lamar, plaintiff agreed to give Lamar the right to buy its entire output of certain merchandise, and the latter agreed that payments therefor, received from its customers from time to time, were to be deposited in a bank to the credit of Lamar, withdrawable only on the countersignature of the plaintiff's designee.  After this arrangement had been in operation a year and a half, plaintiff duly terminated it, but the parties in writing agreed that the orders on hand would be shipped, and payments made therefor, pursuant to the contract.  Thereafter Lamar, without notice to the plaintiff, adopted a resolution and filed it with the bank, authorizing checks to be drawn on the bank account without the plaintiff's countersignature.  At the time there was $1,100 in the bank account, and subsequently an additional sum of $2,500 was collected, all representing the proceeds of plaintiff's merchandise.  The $3,600 was used by Lamar to pay its creditors, a large part of it going to Goldenberg for back salary, commissions and expenses.

At the close of the case, the Law Division granted plaintiff's motion for judgment, saying, *inter alia*:

"It appears, I think beyond question, that Mr. Goldenberg, the individual defendant and president of Lamar Sales Corporation, was entirely familiar with the contractual rights of the parties * * * and that he either directed or at least participated in the diversion of money other than provided for in the contract and therefore became individually liable under the authority of *Rose v.*

*Bernhardt*, 107 *N. J. L.* 501 (*E. & A.* 1930); *Sensale v. Applikon Dyeing & Printing Corp.*, 12 *N. J. Super.* 171 (*App. Div.* 1951); and *Hirsch v. Phily*, 4 *N. J.* 408 (1950), that is, he became personally liable to the extent of the funds diverted or converted to uses other than those permitted by the contract."

Judgment was entered in 1955 against Goldenberg for the $3,600 stated and also against Lamar for a larger amount, but we are not concerned with the judgment against Lamar. Over six months later, Goldenberg, claiming that his discharge in bankruptcy barred execution on the judgment, instituted the present proceeding to stay execution. This appeal is from the order denying the stay.

█ The Law Division held that the judgment debt fell within 11 *U. S. C. A.* § 35 (a) (2), which provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another * * *."

Was this a judgment for a "wilful and malicious" injury? It is settled that the phrase "wilful and malicious," as used in this statute, has reference to a wrongful act, done intentionally, and not innocently. *McIntyre v. Kavanaugh*, 242 *U. S.* 138, 37 *S. Ct.* 38, 61 *L. Ed.* 205 (1916) (dealing with a conversion); *Davis v. Aetna Acceptance Co.*, 293 *U. S.* 328, 332, 55 *S. Ct.* 151, 79 *L. Ed.* 393, 397 (1934) (holding that a conversion that is innocent or technical, or one based on an honest or mistaken belief is not within the statute); *Petrillo v. Snelbaker*, 129 *N. J. Eq.* 437, 439 (*E. & A.* 1941); *Wegiel v. Hogan*, 28 *N. J. Super.* 144, 147, 152 (*App. Div.* 1953) (dealing with constructive intention). *Shapiro v. Marzigliano*, 39 *N. J. Super.* 61, 67 (*App. Div.* 1956), is not to the contrary.

█ Goldenberg argues that he could not be held personally in this action because it was founded upon a mere breach of contract on the part of Lamar. However, he cannot at this late date impeach the judgment. Beyond question the Law Division, when it entered the judgment, found him liable in

tort; there is no other basis upon which he could have been held in this case.

Goldenberg argues further that since the $3,600 was Lamar's property, it could not be said that he was guilty of a conversion of plaintiff's property. The trial court in its opinion states that he "diverted or converted" the proceeds of the sales. It may be that the court found Goldenberg guilty of a conversion upon some erroneous basis, or it may possibly be that the court found him guilty of some other tort. See *Sensale v. Applikon Dyeing & Printing Corp.*, 12 *N. J. Super.* 171 (*App. Div.* 1951), relied upon by the trial court, which did not involve a conversion. Goldenberg might perhaps have been held on the theory that he was a corporate officer who intentionally, wrongfully, not in good faith, and for his own substantial benefit, had induced the corporation to violate its contract with the plaintiff. *Pennington Trap Rock Co. v. Pennington Quarry Co.*, 22 *N. J. Misc.* 318 (*Sup. Ct.* 1944); *cf. Louis Kamm, Inc., v. Flink*, 113 *N. J. L.* 582 (*E. & A.* 1934); *Campbell v. Gates*, 236 *N. Y.* 457, 141 *N. E.* 914 (*Ct. App.* 1923). It has been held that a judgment founded on such a tort is not dischargeable under the above quoted section of the bankruptcy act. *In re Minsky*, 46 *F. Supp.* 104 (*D. C. S. D. N. Y.* 1942). However, as already stated, we need not, and therefore do not, pass upon the nature of the tort committed.

It is sufficient here to hold that a study of the trial court's opinion, above quoted, and the cases relied upon by it, leave no doubt but that in entering judgment the court proceeded on the theory that Goldenberg was guilty of an intentional, wrongful, tortious act, that he was not innocent in the matter, but on the contrary proceeded with a full awareness of his wrong. The judgment thus obtained is binding now, and the liability founded upon it is not dischargeable in bankruptcy.

Affirmed.