BAHR *v.* ASCHLIMAN

1. BANKRUPTCY—DISCHARGE—NON-DISCHARGEABLE DEBTS—"WILFUL AND MALICIOUS INJURY".

A discharge in bankruptcy does not release the bankrupt's debt if the debt is a liability for wilful and malicious injuries to another's person or property; the "wilful and malicious" injury does not have to be based upon special malice (11 USC § 35 [a]).

2. BANKRUPTCY—DISCHARGE—NON-DISCHARGEABLE DEBTS—CONSPIRACY TO BREACH CONTRACT—BREACH OF CONTRACT.

Finding that defendant's debt was discharged in bankruptcy was not clearly erroneous and was affirmed by the appellate court where plaintiff's action, which was the basis of the debt, was for both breach of contract and conspiracy to breach contracts the record does not show on which theory the jury based its award to the plaintiff, and where the trial judge who ruled that the debt was discharged was the same judge who presided over the trial in which the award was granted plaintiff.

Appeal from Macomb, James E. Spier, J. Submitted Division 2 December 9, 1970, at Lansing. (Docket No. 9407.) Decided April 22, 1971. Leave to appeal denied, 385 Mich 767.

Complaint by Fred T. Bahr against Ervin Aschliman for a writ of garnishment. Counterclaim by defendant for an injunction. Judgment granting an injunction restraining plaintiff from attempting any means of collecting a judgment due him from defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 9 Am Jur 2d, Bankruptcy § 786.
[2] 9 Am Jur 2d, Bankruptcy § 747.

*Daines, Bell & Novelli,* for plaintiff.

*Harry L. Burkart,* for defendant.

Before: McGREGOR, P. J., and T. M. BURNS and ANDREWS,* JJ.

McGREGOR, P. J. The litigation precipitating this appeal has been long and acrimonious. Aschliman was originally a defendant in a suit in tort for damage claimed to have resulted from an illegal conspiracy between Miller Brothers Creamery, a corporation, and three individual defendants, who had been milk-route drivers handling the products supplied by this plaintiff. On trial, before a jury in circuit court, a verdict of $40,000 was given in favor of the plaintiff and against all the defendants. The facts of that case and the basis for this appeal are fully set out in *Bahr* v. *Miller Brothers Creamery* (1961), 365 Mich 415. The judge granted defendant's motion for judgment notwithstanding the verdict. Plaintiff's appeal brought a reversal as to the individual defendants and an affirmance as to the corporate defendant. A new trial was ordered for the reason that the damages were deemed excessive.

At the close of the new trial against the individual defendants, based upon conspiracy to breach their contracts, as well as breach of contract, the jury returned a verdict of $12,600 against the defendants. Subsequent to this judgment, defendant Aschilman was adjudicated a bankrupt. Plaintiff, having discovered that no stay of proceedings had been filed, sought a writ of garnishment and duly executed it. Defendant petitioned for an injunction in the instant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

proceedings and requested a discharge of this debt, pursuant to MCLA § 600.2914 (Stat Ann 1962 Rev § 27A.2914). In opposition, the plaintiff maintained that his judgment was excepted and nondischargeable under the Federal Bankruptcy Act. On April 21, 1970, the trial court permanently enjoined plaintiff from attempting any means of collection of his judgment against this defendant.

Plaintiff alleges that the conspiracy to breach the contract did constitute wilful and malicious injury to his property, coming within the exception to 11 USC § 35(a):

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, * * * or for wilful and malicious injuries to the person or property of another * * * ".[1]

The United States Supreme Court has addressed itself to the meaning of wilful and malicious injuries:

"In order to come within that meaning as a judgment for wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained. * * *

"It is urged that the malice referred to in the exception is malice towards the individual personally, such as is meant, for instance, in a statute for maliciously injuring or destroying property, or for malicious mischief, where mere intentional injury without special malice towards the individual has been held by some courts not to be sufficient. *Commonwealth* v. *Williams*, 110 Mass 401.

---

[1] See the amendment to this section, Pub L 91–467, wherein the words "malicious conversion of the property of another" are substituted for "malicious injuries to the person or property of another"; also see this amendment for other changes.

"We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor and not a malicious wrongdoer, that was to be discharged." *Tinker* v. *Colwell* (1904), 193 US 473, 485, 487, 488 (24 S Ct 505, 508, 509, 48 L Ed 754, 759, 760). See also *McIntyre* v. *Kavanaugh* (1916), 242 US 138 (37 S Ct 38, 61 L Ed 205); *Davis* v. *Aetna Acceptance Corporation* (1934), 293 US 328 (55 S Ct 151, 79 L Ed 393).

This exception has been recognized and interpreted by the Michigan Supreme Court in the context of malicious destruction of property and tortious conversion. *Probst* v. *Jones* (1933), 262 Mich 678; *Tudryck* v. *Mutch* (1948), 320 Mich 86.

*In re Minsky* (SD NY, 1942), 46 F Supp 104, indicates that the wilful inducing of another to breach his contract with a third party constitutes a wilful and malicious injury, coming within the second exception to § 35 of the Bankruptcy Act. It is the single case upon which the plaintiff relies in asserting error.

In the instant case, after remand by the Michigan Supreme Court, the plaintiff maintained this cause against the defendants on the theories of breach of contract and conspiracy to breach their contracts. In order to resolve the parties' contentions, this Court must view the original record and attempt to characterize the liability sought to be imposed:

"The fact that the language of the original judgment indicates that it was based upon 'fraud and deceit,' is not controlling as to either party, but the record must be examined to determine the true nature of the acts upon which the judgment was based." *Tudryck, supra,* 93. See also *Citizens Mutual Automobile Insurance Company* v. *Gardner* (1946), 315 Mich 689, 694.

Assuming without deciding that all this action for conspiracy would be an excepted debt under the Bankruptcy Act, a review of the record reveals the impossibility of concluding upon which verdict the jury based its award.

Plaintiff would have this Court infer that the damage award is allocable fully to the conspiracy verdict from the fact that the jury made defendants jointly and severally liable for the award. While this would be an easy solution to the problem, it is difficult to read anything into the decision of the jury other than that the defendants breached their contracts and that they conspired to breach their contracts. The burden of proof was upon the plaintiff as the one seeking to avoid the discharge in bankruptcy. *Money Corporation* v. *Draggoo* (1936), 274 Mich 527; *McClure* v. *Steele* (1949), 326 Mich 286.

An additional factor supporting the judgment of the circuit court is that the judge who granted the injunction was the same judge who presided over the trial of plaintiff's dual causes of action. The same arguments presented by plaintiff to this Court were formulated in plaintiff's brief submitted to the trial judge; yet, the trial judge characterized plaintiff's judgment as one discharged in bankruptcy. Unable to perceive the underlying theory of liability relied upon by the jury, this Court should accept the determination of the trial judge. Since his finding cannot be construed as clearly erroneous, it is upheld. GCR 1963, 517.1.

Trial court is affirmed. Costs to appellee.

All concurred.