In re Bernard Leon LAVITSKY and Sylvia Marie Lavitsky, Debtors.

R. T. VAGLEY, M.D., Plastic and Reconstructive Surgery, Limited, Plaintiff,

v.

Bernard Leon LAVITSKY and Sylvia Marie Lavitsky, Defendants.

Bankruptcy No. 80–1188.
Adv. No. 80–895.

United States Bankruptcy Court,
W. D. Pennsylvania.

March 30, 1981.

Mary C. Carroll, Oakmont, Pa., for plaintiff R. T. Vagley, M.D.

Michael J. Rost, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

On August 1, 1980 the debtors filed a voluntary Chapter 7 Petition. On October 20, 1980 the plaintiff filed a Complaint to Determine Dischargeability pursuant to 11 U.S.C. § 523(a)(6). The plaintiff is a plastic surgeon who rendered surgical services on Mr. Lavitsky commencing January 13, 1980; subsequently three other surgical procedures were performed. The plaintiff doctor submitted claims for payments of these medical services to Pennsylvania Blue Shield, the defendants' health insurer. Pennsylvania Blue Shield sent Mr. Lavitsky checks which corresponded to the claims made and medical services rendered. The first check received by Mr. Lavitsky was delivered to the plaintiff. However, Mr. Lavitsky did not deliver the three subsequent checks which he received. The plaintiff alleges that the defendant willfully and maliciously converted to his own use the property of the plaintiff and therefore the debt should be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

At a hearing held on December 4, 1980 the evidence presented indicated that the above facts are not in dispute. Mr. Lavitsky did in fact receive the checks from Blue Shield for the services rendered by the

plaintiff and did not turn them over to the plaintiff. Mr. Lavitsky explains that because he was not satisfied with the services performed he determined not to release possession of the checks.

11 U.S.C. § 523 provides a number of types of debts which are not dischargeable. 11 U.S.C. § 523 states:

> (a) A discharge under section 727, 1141 or 1328(b) of this title *does not discharge* an individual debtor from any debt—... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity. (emphasis added)

The legislative history indicates that "willful" means deliberate or intentional and "willful and malicious injury" was intended to include "willful and malicious conversion." 95 Cong. R.H. 11096 (September 28, 1978).

Maliciousness, willfulness and intent to do harm are the elements needed in order for the § 523(a)(6) exception to apply.

Collier teaches: "Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury." 3 *Collier on Bankruptcy* § 523.16[1], page 523–115 (15th Ed. 1979). It is clear that a conversion of another's property without the person's knowledge or consent, done intentionally without justification or excuse, to another's injury is willful and malicious injury. 3 *Collier on Bankruptcy* § 523.16[1], page 523–116 (15th Ed. 1979). The law is clear that an agent who willfully and maliciously converts money belonging to another to his own use, is chargeable with the property of that other. *McIntyre v. Kavanaugh*, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1940).

The agreement between Mr. Lavitsky and his insurer, Blue Shield, requires that when services are rendered by a physician, Blue Shield issues checks to the insured for such services. In this case Blue Shield issued the checks to Mr. Lavitsky when Mr. Lavitsky and the physician claimed as required that the services had been rendered. At no point did Mr. Lavitsky have a claim on these checks. The checks either belonged to the physician or to Blue Shield; they were not for the personal use of Mr. Lavitsky. When he received the checks he was obliged to pay them over to the physician or return them to Blue Shield. A deliberate and intentional conversion occurred when he personally used the funds without the plaintiff's knowledge or consent. The Court is not aware of any authority for holding that Mr. Lavitsky was justified or excused by alleging that he was dissatisfied with the services rendered. Dissatisfaction for services rendered has never justified the malicious and willful conversion of another's property. The debtor's failure to perform his duty in light of the agreement with the doctor was certainly willful and it is a fair inference that the conversion of the proceeds received from Blue Shield was fraudulent, and therefore malicious in the sense of a wrongful act intentionally and deliberately done without justification or excuse. See *Frangos v. Frangos*, 157 Pa.Super. 87, 41 A.2d 416 (1945).

We conclude that this debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

An appropriate Order will be entered.