# Blaustein *v.* Shapiro et al., Appellants.

*Conversion—Liability of partnership—Evidence.*

The conversion by one partner of property which came into the possession of the firm on partnership account, is the conversion of all and makes all liable in trover.

In an action to recover damages for the conversion of a cloth-cutting machine, a verdict for the plaintiff will be sustained where the evidence tends to prove that the machine was received by one of the members of a partnership, for the purpose of making repairs and that subsequently they, or their employee, by direction of one of the firm refused to redeliver it to the plaintiff.

Where the plaintiff purchased the machine at a constable's sale under a distress for rent he acquired a good title, superior to the defense that the machine was leased to the defaulting tenant under a bailment lease.

Argued October 15, 1919.    Appeal, No. 55, October T., 1919, by defendants, from judgment of Municipal Court, of Philadelphia, October T., 1917, No. 260, on verdict for plaintiff in case of Mendel Blaustein v. Jacob Shapiro, Harry Fabian and Nathan Lieberman, Trading as Triangle Sewing Machine Company.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Trespass to recover damages for the conversion of a cloth-cutting machine.    Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $500 and judgment thereon. Defendants appealed.

*Errors assigned,* among others, were answers to points, the refusal to grant a new trial, and refusal of defendants' motion for judgment non obstante veredicto.

*Thomas S. Lanard,* for appellants.

*Oscar Rosenbaum,* for appellee.

OPINION BY KELLER, J., December 10, 1919:

This was an action in trespass to recover damages for the conversion of a cloth cutting machine which the plaintiff had left with the defendants to be repaired and which they refused to return, on the ground, as they alleged, that the machine was not the property of the plaintiff. The defendants' answer admitted that the machine had been sent by the plaintiff "to defendants' place of business......to be repaired by defendants" and the evidence offered by the defendants proved not only their receipt of the machine for repairs, but also their refusal to redeliver it to the plaintiff. The only ground for such refusal was that when Fabian, one of the defendants, started to repair the machine, he found that it was the same machine which he had leased, as agent for the U. S. Cloth Cutting Machine, about a year previously to one Braslow, and on which only $15 of the purchase price, $157.50, had been paid. The paper offered in evidence was actually an agreement of sale with a condition that the title should remain in the vendor until paid for in full. The plaintiff's title rested ultimately on a constable's sale of the machine under a distress for rent due by said Braslow. If the jury believed the witnesses for the plaintiff, and their evidence was uncontradicted, the plaintiff had acquired a valid title to the machine superior to the rights of the original vendor. The learned trial judge, therefore, committed no error in his answer to the plaintiff's fifth point, which is assigned as the second specification of error.

The other assignments (except the first, which was withdrawn at the argument) are based on the proposition advanced by the appellants, that the judgment cannot be sustained because there is no evidence that the grievance complained of was the joint act of the defendants. The learned counsel for the appellants overlooked the fact that the defendants were sued as partners, and that with respect to partners, the act of one with reference to goods received by the firm is the act of all. The

evidence not only of the plaintiff, but also of the defendants and their witnesses, established that the defendants were in business as partners at 618 Arch street, and that in connection therewith, they repaired machines of this character; that this particular machine was delivered to the firm at their suggestion to be repaired, and that they and their employee, by direction of one of the firm, refused to redeliver it to the plaintiff. Under such circumstances the conversion was the act of the partnership for which all the partners were liable. "The conversion by one partner of property which came into the possession of the firm on partnership account, is the conversion of all and makes all liable in trover": Nisbet v. Patton, 4 Rawle 120; Curtis v. Waring, 92 Pa. 104. "The refusal by one partner on demand to deliver goods which have been received by the firm is evidence of a conversion by all the partners": 20 R. C. L. 916. This well established principle of the law is recognized in the Uniform Partnership Act of March 26, 1915, P. L. 18, Secs. 13, 14 and 15. It matters not that Fabian individually was the agent for the U. S. Cloth Cutting Machine at the time the machine was leased or sold to Braslow, and that the defendant firm only succeeded to such agency later. It was delivered to the partnership, composed of the defendants, to be repaired and they are liable for the failure to redeliver it to the plaintiff.

There was sufficient evidence on the part of the plaintiff, if believed by the jury to justify a finding that the machine had been tampered with by Fabian with the express purpose of securing its delivery to the defendants to be repaired, and with the intention of holding it when so delivered; if they so found, it was not improper to award the plaintiff exemplary damages.

The assignments of error are all overruled and the judgment is affirmed.