## Levine v. William C. Hesse, Jr., & Co.

*Taylor, Robey, Hoar & Nicholson,* for plaintiff.

*William A. Gray,* for defendants.

MARTIN, P. J., Oct. 1, 1928.—Defendants were stock brokers and purchased stocks for plaintiff, who paid them for the purchases by delivering to them some shares of stock he owned and paid the balance of his indebtedness in cash.

Defendants failed to deliver the stocks they purchased for plaintiff, and diverted the money he paid them and the stock he deposited with them to other purposes.

Plaintiff instituted a suit in *assumpsit* to recover the money paid by him to defendants and the value of the stock he deposited with them which they converted to their own use.

A statement of claim was filed, averring that defendants were copartners, trading under the name of William C. Hesse, Jr., & Co., engaged in the business of brokers; that plaintiff employed them as his brokers to purchase the stocks specified in the statement of claim; that pursuant to his orders, defendants purchased the stocks on margin; that plaintiff delivered to defendants ten shares of "Wrigleys" of the par value of $520; that it was agreed that this stock would be held by defendants as collateral for the balance due by plaintiff on account of the purchase price of the stocks bought by defendants for plaintiff; that on Oct. 20, 1926, plaintiff had a cash balance to his credit with defendants amounting to $1189.62, and there was a balance due by plaintiff to defendants of $3448.13 for stocks bought for him by them; that plaintiff paid defendants the entire balance due by him, including defendants' commission of $43.37; that after deducting the commission there remained $4494.38 to apply in payment for the stocks defendants had purchased for plaintiff; that plaintiff made frequent demands upon defendants for delivery of the stocks for which he had paid in full, but defendants wilfully and maliciously neglected, failed and refused to deliver the stocks or to

return the purchase money and the ten shares of Wrigley stock; that defendants did not apply the sum of $4594.38 to pay the balance due on the stocks purchased for plaintiff, but, with intent to defraud plaintiff, wilfully and maliciously and in reckless disregard of the rights of plaintiff, appropriated the money and the ten shares of "Wrigley" to their own use and benefit; that the fair market value of the ten shares of "Wrigley" at the time of the conversion was $530.

Plaintiff claims $5114.38, with interest from Oct. 20, 1926.

Judgment was entered against the defendant, William C. Hesse, Jr., for want of an affidavit of defense.

The defendant, William B. Potts, filed an affidavit of defense, admitting the payment of the money and the delivery of ten shares of "Wrigley" to the partnership of William C. Hesse, Jr., & Company, but denying that he had any personal connection with the transaction, which was made in the usual and customary course of business of the partnership. He admitted that the balance due for the purchase of the stocks by defendant was paid by plaintiff to the firm in the regular course of business; but denied that he had any personal connection with the transaction or that the payment was made to him, but averred that payment was made to the partnership in the usual and regular course of business.

He admitted that the commission of $43.37 was paid to defendants by plaintiff, but averred that it was paid to the partnership. He denied that demand was made upon him for the delivery of the stocks or the return of the money or that he wilfully and maliciously neglected, failed or refused to deliver the stocks or the purchase money or the ten shares of "Wrigley." He also denied that he wilfully and maliciously, with reckless disregard of the rights of plaintiff, converted and appropriated the sum of $4594.38 and the ten shares of "Wrigley" to his own use and benefit; but there is no denial of these charges against the partnership.

It is further averred in the affidavit of defense that a petition in involuntary bankruptcy was filed against the defendant, William C. Hesse, Jr., and this defendant, William B. Potts, individually and as copartners trading as William C. Hesse, Jr., & Company, in the United States Court for the Eastern District of Pennsylvania; that they were adjudged bankrupts, and that a referee and trustee were appointed by the court, followed by hearings for the presentation of claims, and that the matter was proceeded with so that there was pending an application for the discharge of William B. Potts from bankruptcy; and that deponent had been advised and avers that the bankruptcy proceedings constitute a full, complete and legal defense to the action instituted by plaintiff, and that his discharge when granted will discharge him from his debts, and that the claim of plaintiff does not come within the provisions of the act concerning debts not discharged.

Plaintiff entered a rule for judgment for want of a sufficient affidavit of defense.

William B. Potts filed a supplemental affidavit, averring that he was granted a discharge in bankruptcy by the United States Court on June 22, 1928. A copy of the discharge is attached to the affidavit.

It is not averred in the affidavit of defense that plaintiff's claim was proved against the bankrupt estate, and in his reply to the new matter contained in the supplemental affidavit of defense, plaintiff averred that his claim was disallowed by the referee in bankruptcy.

There is no denial of the conversion of plaintiff's stock and money by the partnership of which defendants were the members, but the defendant, Wil-

liam B. Potts, asserts that he did not personally participate in the action of the firm in the transactions of which plaintiff complains.

The conversion by one partner of property which comes into the possession of the firm is a conversion by all, for which all are liable: Nisbet v. Patton, 4 Rawle, 119; Blaustein v. Shapiro, 73 Pa. Superior Ct. 235.

Section 13 of the Uniform Partnership Act of March 26, 1915, P. L. 18, provides that where by any wrongful act or omission of any partner acting in the ordinary course of business of the partnership, or with the authority of his copartners, loss or injury is caused to any person not being a partner, the partnership is liable to the same extent as the partner acting or omitting to act; and section 14 enacts that "the partnership is bound to make good the loss (a) where one partner, acting within the scope of his apparent authority, receives money or property of a third person and misapplies it; and (b) where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership;" and section 15 enacts that all partners are liable jointly and severally for everything chargeable to the partnership under sections 13 and 14: O'Brien v. St. Rita Oil Co., 4 D. & C. 640.

In McIntyre v. Kavanaugh, 242 U. S. 138, defendants, who were members of a partnership, claimed to be relieved from liability by reason of the fact that they did not actually participate in an injury done to plaintiff's property, when the wrongful acts were committed by another member of the firm, it was held that the individual members of the copartnership were severally liable for torts of which they had no knowledge, committed by another member of the firm in the course of the partnership business.

McIntyre & Company were stock brokers and received certificates of stock from a customer as security for his indebtedness. Without his knowledge or authority, the stock was sold and the proceeds appropriated by the firm to their own use. Subsequently, the firm and its members were adjudicated bankrupts. McIntyre was one of the partners discharged from bankruptcy and was sued for the conversion of the proceeds of the stock. His discharge in bankruptcy was pleaded in defense, together with the fact that he had no personal knowledge of, and did not participate in, the tortious act. The liability was held to be for wilful and malicious injury to property and expressly excluded from the release in bankruptcy. The individual partners were held liable. It was said in the opinion "that partners are individually responsible for torts by a firm when acting within the general scope of its business, whether they personally participate therein or not, we regard as entirely clear. . . . To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words."

Plaintiff's claim against defendant was not discharged by the discharge in bankruptcy.

It is not denied that the partnership of which William B. Potts was a member committed the acts charged in the statement of claim, which amounted to wilful and malicious injury to the property of plaintiff. The discharge of defendant in bankruptcy does not relieve him from liability to respond in damages.

The affidavits of defense are insufficient to prevent the entry of judgment.

And now, to wit, October 1, 1928, the rule for judgment for want of a sufficient affidavit of defense is made absolute, and judgment is entered in favor of plaintiff against the defendant, William B. Potts.