### SUN LIFE ASSUR. CO. OF CANADA
### v. STACKS et al.
### No. 10193.

United States Court of Appeals
Seventh Circuit.

Jan. 22, 1951.

---

LeRoy G. Charles, Chicago, Ill., for defendant-appellant.

Joseph F. Sheen, Louis P. Miller, Chicago, Ill., for defendant-appellee, Irene Stacks.

Before KERNER, DUFFY, and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, a Canadian corporation, filed an interpleader suit to determine the proper claimant to the proceeds of an insurance policy it had issued on February 3, 1937 upon the life of one Joseph Stacks, who died on March 16, 1949. In the policy Irene Stacks, designated as the wife of Joseph Stacks, was named as beneficiary. In its complaint, plaintiff named Irene Stacks and Esther Stacks as defendants. Esther answered in the nature of a counterclaim that she and Joseph were married on October 24, 1932; that in 1935 Irene and Joseph entered into an immoral relationship which continued for two years or more; that thereafter Joseph became ill and was unable to work, and for a period of two years immediately prior to his death Esther loaned him large sums of money; that in 1947 the deceased told Esther he was unable to repay the money borrowed, and "in consideration of her advancing him other monies from time to time, he would get his said insurance policy from defendant, Irene Stacks, and change the beneficiary from Irene Stacks to this defendant and deliver said policy to her and would not at any time change the beneficiary from this defendant to any other person, that this defendant accepted said offer and released him from any further obligation to pay her the money she had advanced him at that time or any money that she advanced him in the future * * *." She averred further that after making the contract she advanced him approximately $1500, and performed all of the conditions of her contract. Irene Stacks answered denying the allegations of Esther's counterclaim and averred that she was entitled to the proceeds of the policy and that Esther had no interest therein.

The case was tried without a jury. At the conclusion of the trial the court found the issues in favor of Irene Stacks and

entered a decree in which he found that the claim of Esther Stacks had not been sustained or proven. Implicit in this finding the court found as a fact that no contract had been entered into by the insured and Esther Stacks in and by which the insured had promised to make Esther Stacks the beneficiary of the policy. The trial judge also found that Irene Stacks had been designated as beneficiary in the policy and remained the beneficiary until the death of the insured, and was entitled to the sum of $3763.37 on deposit with the clerk of the court, and the court awarded and directed that that sum be paid to Irene Stacks. To reverse the decree, Esther Stacks appeals. She attacks the findings as contrary to and against the manifest weight of the evidence.

The all important issue at the trial was whether the insured and appellant had entered into a contract as claimed by appellant.

It appears that the insured lived with a succession of women, at least one of whom, Esther, was ceremonially married to him on October 24, 1932. Just when this marriage broke up is a matter in dispute. Irene Stacks testified that she commenced to live with the insured as his wife in 1933, while Esther testified that her marriage with Joseph lasted until 1935.

Appellant testified, subject to objection, that in November 1946 she loaned the insured $100, and in December 1946, $75; that in February 1947 the insured told her that he owed loan sharks and doctor bills and that his pay would be garnisheed if he did not pay his debts, whereupon she loaned him another $75; that in May 1947 the insured told her that he knew he owed her more than $300, that he was sick and unable to work steadily and had to take treatment in order to keep his job, and that his bills had again become delinquent; that he took from his pocket some papers and showed her he carried a group life insurance policy with plaintiff and told her if she would forget the money he owed her and let him have $250 and such other sums as he might need for his treatments, he would get the policy from appellee and

make her (appellant) the beneficiary; that she told him, "I am letting you have this money on the promise you are going to make me the beneficiary of the Sun Life insurance policy, * * * This is a business proposition. If I let you have this $250, it is strictly business." She also testified that from November 1946 to February 1949 she advanced him more than $1500.

It is undisputed that at the time of the issuance of the policy Joseph Stacks was employed by the Youngstown Sheet & Tube Company, and earned $2831 during 1947 and $3087 in 1948, and there was evidence that in 1948 the insured, in a conversation with one Clark, stated that "he was going to let it [the policy] remain where it was, and his beneficiary was Irene Stacks."

At the conclusion of the trial, the trial judge said: "Joseph is dead. He cannot deny what she [appellant] said. The facts and circumstances show he worked steadily right up to the time of his death. He did not have any time off, and was earning a good wage. " * * * I do not believe she is a competent witness. If she was, I do not believe that she advanced any such sums of money, or that he promised to assign the insurance policy to her * * *."

Counsel for appellant argues that the court sustained appellee's objection to appellant's testimony on the ground that since she was the wife of the insured, she was precluded by § 5 of Chap. 51, Ill.Rev.Stat., from testifying to any conversations with her deceased husband. In so ruling, appellant contends the court erred, and she makes the point that her testimony was competent and thus her undisputed testimony established that she did enter into a contract in and by which the insured promised to have her named as beneficiary in the policy.

In the view we take of the instant case, we need not discuss whether § 5 of the Illinois statute precludes appellant from testifying to any conversation with her husband, for the reason that the trial judge made it clear that if appellant was a competent witness, he did not believe she advanced any money to her husband or that

the insured promised to assign the policy to her.

The trial judge has the function of finding the facts, weighing the evidence, and choosing from among conflicting factual inferences and conclusions those which he considers most reasonable, and he has the inherent right to disregard the testimony of any witness when he is satisfied that the witness is not telling the truth or her testimony is inherently improbable due to its inaccuracy, uncertainty, or interest or bias.

In the instant case, even if we consider appellant's testimony, as we think Judge Barnes did in arriving at his conclusions, we must remember that courts lend a very unwilling ear to statements by interested persons about what dead men have said; such evidence will be carefully scrutinized with all the other evidence in the case. Keshner v. Keshner, 376 Ill. 354, 33 N.E.2d 877, and Goodman v. McLennan, 334 Ill.App. 405, 419, 80 N.E.2d 396. All testimony is not proof; that only is proof which convinces. It is true that appellant testified that she entered into a contract as already stated, and that appellee produced no witnesses who were able to deny this conversation, but here there was evidence that during the period appellant claimed the insured was sick, unable to work and heavily indebted, and when she claims she loaned him more than $1500, he was in fact employed and earning good wages. In this state of the record it is clear that the trial judge considered all the circumstances, formed his judgment as to the credibility of the witnesses, resolved whatever conflicts existed, and found that no contract had been entered into by the insured and appellant in and by which the insured had promised to make appellant the beneficiary of the policy. In this situation, the fact that appellant's testimony was not directly and specifically contradicted did not require the trial judge to accept her testimony. Compare *First National Bank of Colorado Springs v. McGuire*, 7 Cir., 184 F.2d 620; Podolski v. Stone, 186 Ill. 540, 58 N.E. 340; Schueler v. Blomstrand, 394 Ill. 600, 69 N.E.2d 328; and Broadcast Music, Inc., v. Havana Madrid Restaurant Corp., 2 Cir., 175 F.2d 77. And since we cannot say that the findings are clearly erroneous, it follows that the decree of the District Court must be affirmed. It is so ordered.