**THOMAS E. SNYDER SONS CO., an Illinois corporation, Plaintiff-Appellee,**

v.

**INDUSTRIAL MOLASSES CORPORATION, a New Jersey corporation, Defendant-Appellant.**

**No. 12707.**

United States Court of Appeals Seventh Circuit.

Oct. 16, 1959.

Melville C. Williams, Chicago, Ill., John J. Gaskell, Chicago, Ill., for appellant.

Harold W. Huff, Chicago, Ill., Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., Robert G. Schloerb, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Industrial Molasses Corporation, a New Jersey corporation, defendant, appeals from a judgment entered against it in the district court, in favor of Thomas E. Snyder Sons Co., an Illinois corporation, following a trial without a jury.

It appears from the findings of fact made by the district court, that defendant borrowed from plaintiff 986.43 tons of molasses, promising to return the same upon demand. It never returned the molasses. When the molasses was not returned, plaintiff bought other molasses to replace it and suffered a loss of $76,406.79. This action was brought to recover damages occasioned by defendant's alleged breach of two purported contracts to deliver molasses to the plaintiff. In this court defendant relies on error alleged to arise out of "clearly erroneous findings of the District Court."

■■ From our examination of the record we cannot say that these findings are clearly erroneous. Pertinent here are the remarks which we made in Penn-Texas Corporation v. Morse, 7 Cir., 242 F.2d 243, 247:

"After evaluating the decision of the district judge, we have found it follows as a matter of law from the facts stated as its basis and that facts so stated are more than amply supported by the evidence contained in the record. Apparently in order to escape our repetitive explanations of the scope of judicial review these plaintiffs would have us disregard the findings of fact. We decline. The challenged findings are not clearly erroneous. We think the factual basis for the ultimate conclusions arrived at by the district judge is clearly manifested by the record, regardless of who composed the words and phrasing entered below. 'The trial judge,' we pointed out in Sun Life Assurance Co. of Canada v. Stacks, 7 Cir., 1951, 187 F.2d 17, 20, 'has the function of finding the facts, weighing the evidence, and choosing from among conflicting factual inferences and conclusions those which he considers most reasonable, and he has the inherent right to disregard the testimony of any witness when he is satisfied that the witness is not telling the truth or her testimony is inherently improbable due to its inaccuracy, uncertainty, or interest or bias.' "

For these reasons, the judgment of the district court is affirmed.

Affirmed.