430 F.Supp. 465 (1977)
In re Ronald Eugene VINES, Bankrupt.
BANK OF LEXINGTON, LEXINGTON, ALABAMA, Plaintiff-Appellee,
v.
Ronald, Eugene VINES, Defendant-Appellant.
Civ. A. No. 77-A-0050-NW.
United States District Court, N. D. Alabama, Northwestern Division.
March 21, 1977.
*466 Keith M. Collier, Wilson, Collier & Myers, Florence, Ala., for plaintiff-appellee.
Richard O. Fant, Jr., Tuscaloosa, Ala., for defendant-appellant.

OPINION AND ORDER ON APPEAL
ALLGOOD, District Judge.
This case involves the appeal of the Bankrupt to an order by the Bankruptcy Judge, to whom this case was referred, finding a debt due to the Appellee, Bank of Lexington, Lexington, Alabama, by the Bankrupt, to be nondischargeable in bankruptcy and the entering of a judgment against the Bankrupt and in favor of the Bank of Lexington for $14,450.00.
After the filing of the petition in this case, the Bank of Lexington, within the time limits prescribed by the Court, filed a complaint entitled, "Objection to Discharge of Debt." The pleading set forth three separate grounds as follows:
"1. For that within a three month period immediately preceding the filing of the Petition in Bankruptcy, the Bankrupt transferred, removed, sold as permitted to be removed, transferred or sold certain of his property with the intent to hinder, delay or defraud the Bank of Lexington.
"2. That the Bankrupt within a three month period prior to filing his Petition in Bankruptcy wrongfully sold certain property from which the creditor, Bank of Lexington, had a valid lien, without any notice to the said Bank of Lexington.
"3. That the debt as listed in the Petition owing to the Bank of Lexington is in violation of Section 14 of the Bankruptcy Act (11 USC, Section 32)."
The Court, at a pretrial conference, ruled that the complaint filed was one which should be considered as a complaint to determine dischargeability pursuant to § 17c(2) of the Bankruptcy Act rather than a complaint objecting to discharge pursuant to § 14 of the Bankruptcy Act.
The Court tried the case and made findings of fact that the Bank of Lexington had made numerous loans to the Bankrupt, and had taken security interests from the Bankrupt in several motor vehicles to secure the loans; and that the Bankrupt had sold to various third parties several of the motor vehicles, which were subject to the Bank's security interest, without the Bank's permission. The Court further found that the amount received by the Bankrupt for the motor vehicles so sold amounted to $14,450.00.
The Court found, as a conclusion of law, that the acts of the Bankrupt in selling the motor vehicles involved were a wilful and malicious conversion of property on which the Bank held a valid security interest and that the debt due the Bank was a nondischargeable debt pursuant to the provisions of § 17 of the Bankruptcy Act. The Court then rendered judgment in favor of the Bank of Lexington in the amount of $14,450.00.
The Bankrupt has set forth in his appeal four issues for review. These issues can be condensed to two issues. They are:
1. Does the complaint filed by the Plaintiff, Bank of Lexington, adequately state grounds upon which the Court could proceed to try the question of the dischargeability of the debt due to the Bank?
2. Was the finding of facts by the Trial Judge supported by the evidence?
This Court considers, first, the question of the adequacy of the complaint. The Bank's complaint stated three grounds to support its objective. The Court, in pretrial conference, ruled that the case would be tried as a § 17 case dealing with dischargeability rather than a § 14 case, dealing with objections to the granting of a discharge. The complaint, in its first ground, stated a § 14 ground. In the second ground, the complaint stated a § 17 ground as to dischargeability. The third ground was not considered adequate by the Court. While the complaint is not a model of perfect draftsmanship, it does adequately allege grounds upon which the Court could proceed to trial upon the question of the dischargeability of the debt due to the plaintiff Bank. Rule 8, Sub-section (f), of the *467 Federal Rules of Civil Procedure provides that "All pleadings shall be so construed as to do substantial justice" and this Court is of the opinion that Plaintiff's complaint does state facts upon which it would be entitled to relief. Any errors are of form rather than substance. Bankruptcy Courts are courts of equity and are primarily interested in doing substantial justice. They are not so much interested in the niceties of pleading.
In the other issue presented by this appeal, the Bankrupt questions the correctness of the Bankruptcy Judge's findings of fact. However, the Appellant does not furnish this Court with a transcript. We cannot review the findings of fact made by the Trial Judge without having available the transcript of the proceedings in the Bankruptcy Court. As the United States Court of Appeals, Fifth Circuit, said in Mobile Homes v. Speake, 531 F.2d 743 on May 13, 1976:
"The responsibility for providing an adequate record and insuring its timely transmittal rest squarely with appellant . . .."
In the absence of a transcript, the findings of fact by the Trial Judge must be taken as conclusive.
In his argument, the Appellant questions the conclusions of law made by the Trial Judge although the statement of issues filed does not specifically question the conclusions of law. The facts found by the Bankruptcy Judge are more than adequate to support his conclusions that the Bankrupt had wilfully and maliciously converted the property in which the Plaintiff held a valid security interest. A conversion can be found to be wilful and malicious. McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205. The rule seems to be that those acts of conversion which show a design or willingness to inflict wrong upon another, or the reckless disregard of the rights of another, constitute wilful and malicious injuries. 1 A Collier, ¶ 17.09, p. 1599. The Court found just such a design and pattern in this case. The findings of fact adequately support the conclusions of law.
The ruling of the Bankruptcy Judge that the debt due to the Plaintiff, Bank of Lexington, Lexington, Alabama, is not dischargeable in bankruptcy is affirmed. The Bankrupt-Defendant makes no complaint about the amount of the judgment entered and, in fact, in his argument, the Bankrupt admits the receipt of $14,500.00 from the sale of the automobiles subject to Plaintiff's security interest. The judgment in favor of the Plaintiff, Bank of Lexington, Lexington, Alabama, and against the Bankrupt, Ronald Eugene Vines, in the amount of $14,450.00 is affirmed.