**In the Matter of Gregory J. RUBINO d/b/a Security Auto Sales, Debtor.**

**Nevin L. WINTRODE and Marilyn C. Wintrode, Plaintiffs,**

v.

**Gregory J. RUBINO d/b/a Security Auto Sales and James K. McNamara, Esq., Trustee, Defendants.**

Bankruptcy No. 80–00571.
Adv. No. 81–0063.

United States Bankruptcy Court, W.D. Pennsylvania.

July 10, 1985.

Lawrence C. Bolla, and Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., for plaintiffs.

Robert G. Dwyer, and Knox, Graham, McLaughlin, Gornall & Sennett, Inc., Erie, Pa., for debtor.

James K. McNamara, Erie, Pa., pro se for trustee.

MEMORANDUM AND ORDER DISMISSING COMPLAINT DETERMINING OBLIGATION NON-DISCHARGEABLE

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

The plaintiffs Nevin L. Wintrode and his wife purchased a 1974 Mercedes-Benz from the defendant-debtor for which they paid the purchase price of $8,000.00 by check. The plaintiff cancelled the purchase for no stated reason four days later and on asking for the return of his check was told that the plaintiff had cashed it and would endeavor to sell the car and return the $8,000.00 purchase money and half of any profit when he completed said sale.

The plaintiff kept in touch with the debtor, pressing him for return of the money or the car, until about August 19, 1980 when the defendant told him he had sold the car two weeks before and prevailed upon the plaintiff to execute an agreement providing for the defendant paying $500.00 on account at that time and $500.00 a month thereafter until a balance of $7,500.00 without interest was paid which the plaintiff agreed in the writing he would accept as payment in full without interest.

We see no reason under the authorities for holding the obligation of the debtor to return the plaintiff the $8,000.00 purchase money non-dischargeable in this action for such determination. The plaintiff

purchased the car voluntarily and paid the $8,000.00 voluntarily under no false pretenses, representations or fraudulent behavior or statements of any kind constituting grounds for such determination under 11 U.S.C. Section 523(a)(2), (4) or (6) and debtor's explanation that he couldn't return the money as he had used it for the purchase of other used vehicles to sell in his used car sales business appears perfectly plausible.

The rescission of the transaction under which the debtor-defendant received the money on plaintiffs' purchase of the Mercedes was plaintiffs' idea, not that of the defendant who was kind enough to accept the rescission and undertake to return the money when he was able to resell the car.

While the defendant could very well be considered guilty of some bad faith in not reporting the matter to the plaintiff and paying over the funds when he sold the car a second time about August 1, 1980 some two weeks before he told the plaintiffs about the matter, the parties entered into an agreement which had the effect of eliminating all implications of implied trust or agency and converting the matter into an ordinary credit transaction with a balance of $7,500.00 payable at "approximately $500.00 per month with no interest charge" in which "there is an understanding that Mr. Wintrode will be lenient as business and other factors may fluctuate beyond Mr. Rubino's control."

The plaintiff had not previously acquired title to the vehicle, but this is immaterial as the conversion of the property of another is no longer a ground for excepting an indebtedness from a discharge under Section 523 of the Revised Bankruptcy Code of 1978 as it was in the amendments to the Bankruptcy Act of 1898 beginning about 1971 and construed in *In re Vines*, 430 F.Supp. 465, *aff'd*, 560 F.2d 1022 (5th Cir.1977); *First National Bank of Burr Oak v. Seamon*, 198 N.W.2d 114 (N.D. 1972); *Excell Finance Camp. Inc. v. Tannerhill*, 140 So.2d 202 (La.Ct.App.1962); and *In re Brown*, 412 F.Supp. 1066, 1072 (W.D.Okla.1975). See 11 U.S.C. Section 523 and our discussion of the matter in *American Insurance Co. v. Lucas, et al.*, 21 B.R. 585 (Bkrtcy.W.D.Pa.1982) affirmed by Mencer, J. at 41 B.R. 923 (D.W.D.Pa. 1984) and cases cited in each of said opinions.

The effect of the agreement of August 19, 1980 was to eliminate all considerations of implied trust and agency relationships from the picture and to convert the matter to an ordinary credit transaction with a balance of $7,500.00 in which "there is an understanding that Mr. Wintrode will be lenient as business and other factors may fluctuate beyond Mr. Rubino's control" as above, and it is clear that under the authorities both before and after the effective date of the Code the only kind of trust obligation whose breach provides a basis for determining a resultant indebtedness non-dischargeable is that of an express or so-called "technical trust" in effect before the alleged breach takes place: *In re Angelle*, 610 F.2d 1335 (5th Cir.1980); *In re Hunter*, 17 B.R. 523 (Bkrtcy.W.D.Mo.1982); *In re Dawson*, 16 B.R. 343 (Bkrtcy.N.D.Ill. 1982); *In re Baiata*, 12 B.R. 813 (Bkrtcy.E. D.N.Y.1981); *In re Walker*, 7 B.R. 563 (Bkrtcy.M.D.Ga.1980); *U.S. Fidelity and Guarantee Co. v. Robert Brown*, (Bcy.W. D.Pa.1982, by Judge Gerald K. Gibson, deceased), and many others.

It is accordingly ORDERED that the within action to determine the obligation of the debtor to pay the plaintiff $7,500.00 without interest non-dischargeable must be, and it hereby is, dismissed.