**In re Reynaldo DE LOS ANGELES, SSN 273–70–3416, Debtor.**

**Bankruptcy No. 88–71272.**

United States Bankruptcy Court, E.D. Oklahoma.

July 6, 1989.

William Rutledge, Tulsa, Okl., Trustee.

Brian Rayment, Tulsa, Okl., for GMAC.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On January 3, 1989, this Court conducted a hearing with regard to the Trustee's Motion for Authority to Sell Property Free and Clear of Liens (pursuant to 11 U.S.C. § 363) (Docket Entry # 12). An Objection to said Motion was filed by General Motors Acceptance Corporation (GMAC) (Docket Entry # 18).

Appearances at the hearing were entered by William Rutledge, Trustee, and Brian Rayment on behalf of GMAC.

As a result of the Status Conference conducted concomitantly with the hearing, a determination was made that the issue as referenced hereinbelow was entirely legal in nature and thus, the parties were afforded the opportunity to submit legal Briefs in support of their respective positions. All such Briefs were timely filed. In addition, the creditor, GMAC, filed a Motion for Summary Judgment on April 5, 1989 (Docket Entry No. 49) and a Request for Hearing thereon on May 19, 1989 (Docket Entry No. 59) with regard to the identical issues to be resolved by this Order, and thus, final resolution of that Motion shall also be taken in this Order.

This Order is intended to entirely replace and clarify the Order entered by this Court on March 31, 1989 which was vacated by Order of this Court on April 11, 1989.

After review of the Briefs and the applicable law, this Court enters the following Findings of Fact in this core proceeding:

## STATEMENT OF ISSUE

At issue in this case is whether creditor, GMAC, can offer parole evidence with regard to the date of execution of a security agreement on a particular auto-mobile in derogation of the documentary evidence provided to this Court. This necessarily includes a determination as to whether the agreement between the parties was tantamount to a sales agreement or a lease.

## FINDINGS OF FACT

1. On December 20, 1984, the Debtor entered into a lease agreement with GMAC whereby he agreed to lease a 1985 Mercedes 300D automobile for a term of 48 months.

2. In October, 1988, the Debtor and GMAC agreed that the vehicle would be purchased by the Debtor. Pursuant to this agreement, the sales price of the vehicle would be financed by GMAC which would retain a security interest in the vehicle.

3. This agreement between the parties was documented by:

(a) Retail Installment Contract, bearing the date of October 24, 1988;

(b) Lien Entry Form, bearing an execution date of October 24, 1988, as well as the signature of the Debtor;

(c) Special Memorandum of Sale and Receipt for Payment, bearing a date of sale of October 24, 1988; and

(d) Assignment of Title reflecting the date of entry of the Lien Entry Form of October 24, 1988.

4. The Debtor filed his Petition seeking relief under Chapter 7 of the U.S. Bankruptcy Code on October 27, 1988.

5. The Assignment of Title bears the date of November 10, 1988, reflecting when the authorized Motor Licensing Agent received the Lien Entry Form for recordation. Said Lien Entry Form bears a receipt date by the Motor Licensing Agent of November 9, 1988.

6. GMAC contends that oral evidence provided by the Debtor as to the date of execution of the Security Agreement is both allowed and relevant to this Court's determination as to whether a sales agreement or lease agreement existed between the parties at the time of the filing of the Petition. This determination will have an

effect on whether a lease or sales agreement was in effect at the filing of the Petition. Also, if a sales agreement results, the date of execution becomes important as to whether the creditor properly perfected its lien as required under the applicable Oklahoma Statutes.

7. The Trustee argues that the documents and information stated thereon are clear and unequivocal and thus, any oral evidence to the contrary is impermissible and irrelevant.

8. GMAC has provided in its Motion for Summary Judgment an Affidavit executed by the Debtor which sets forth the essence of the oral testimony which GMAC wishes to have placed into the record and accepted by the Court in derogation of the written documents. Such Affidavit states, in pertinent part:

"3. In October, 1988, I requested that General Motors Acceptance Corporation sell to me the subject 1985 Mercedes 300D.

4. In late October, 1988, I received word from General Motors Acceptance Corporation that they had completed preparation of the documents relating to the sale of the Mercedes. I was advised that the Retail Installment Contract and Lien Entry Form would be mailed to the dealer in Muskogee for my review and execution.

5. On October 27, 1988, I caused the above styled and numbered bankruptcy case to be filed.

6. Within a week after the filing of the above styled and numbered bankruptcy, I visited the dealer in Muskogee, Oklahoma, and executed the Retail Installment Contract ... and the Lien Entry Form ...

7. I received a Memorandum and Bill of Sale and a title to the 1985 Mercedes after November 9, 1988. . . .

8. At no time prior to the filing of the above styled and numbered bankruptcy proceeding did I receive any written acknowledgment from General Motors Acceptance Corporation that GMAC was selling or would sell to me the subject 1985 Mercedes."

Since GMAC prepared and provided the documents of sale as well as attempted to perfect their lien after execution, this Court imputes such a desire and willingness to sell upon GMAC.

## CONCLUSIONS OF LAW

■ A. This Court acknowledges that the Debtor is willing to testify as to a date different from that which is placed on the Retail Installment Contract and other documents of sale, when he allegedly executed these documents. The effect of the allowance of said testimony would be to defeat the Trustee's claim to the subject vehicle, since at best, a lease agreement rejected pre-Petition would be the asset inherited by the Trustee in this bankruptcy. In effect, GMAC urges that the parties may modify terms of an agreement, of which the execution date is one, at anytime so long as consent to said modification is bilateral. We do not dispute this position. See *Pinewood Realty Limited Partnership v. United States*, 617 F.2d 211, 215, 223 Ct.Cl. 98 (1980). However, since the Trustee supercedes the rights of the Debtor as a party to the contract pursuant to 11 U.S.C. § 544, the original parties to the contract may not modify its terms, including the date of execution, without the consent of the Trustee. Thus, in spite of the admitted acquiescence of both parties to the modification, it shall not be allowed.

■ B. In addition, this Court evaluates the evidence as presented in GMAC's Motion for Summary Judgment as it would evidence presented at a hearing on this issue. The sole substantive evidence which GMAC offers to this Court for consideration is an Affidavit from the Debtor, the content of which is set forth in detail hereinabove at Paragraph No. 8. We find that the statement by the Debtor serves both GMAC and the Debtor in that each has an interest in a finding that the Trustee no longer has an interest in the subject vehicle.

"The finder of fact has the function of weighing the evidence and choosing from among the conflicting factual inferences

and conclusions those he considers the most reasonable. He has the inherent right to disregard the testimony of any witness when he is satisfied that the witness is not telling the truth or that the witness' testimony is inherently improbable due to its inaccuracy, uncertainty or interest or bias." *In re Brown*, 412 F.Supp. 1066, 1070 (D.Okla.1975) citing *Sun Life Assurance Co. of Canada v. Stacks*, 187 F.2d 17 (7th Cir.1951) and *Thomas E. Snyder Sons Co. v. Industrial Molasses Corp.*, 270 F.2d 875 (7th Cir.1959). Further, "A trier of fact may reject testimony of a witness were he is not convinced of its merit." *National Research Development Corp. v. Great Lakes Carbon Corp.*, 410 F.Supp. 1108, 1115 (D.Del.1975). In this case, we are convinced that the Debtor is biased due to his complete loss of an interest in the subject vehicle should the Trustee prevail. The "question of bias goes to the weight of a witness' testimony ..." *In re Lucas*, 28 B.R. 366 (Bankr.D.Ohio 1982). We find the documents made contemporaneous with the transaction to be the best evidence of said transaction and to be the more accurate representation of the fact. In addition, we find that the inherent dangers of fraud and other hindsight misrepresentations set forth in any parole evidence offered by the Debtor in derogation of the written documents created contemporaneously with the agreement are too great to allow.

C. Finally, we find that the entire burden of proof lies squarely on the shoulders of GMAC to prove a different execution date from that which is set forth on the documents. In this context, GMAC has failed to provide evidence of sufficient weight and quality for this Court to allow the parole evidence and Affidavit offered.

Thus, we find that parole evidence shall not be allowed in derogation of the document.

The next issue requiring resolution by this Court is whether GMAC is properly perfected with regard to a lien on the subject vehicle.

■ D. The Oklahoma Statute which governs the procedure for the perfection of a security interest in a motor vehicle is contained in Okla.Stat.Ann. tit. 47, § 1110(A) (West Supp.1989) which states in pertinent part:

Whenever a person creates a security interest in a vehicle, such person shall surrender to the secured party the certificate of title or the signed application for a new certificate of title, on the form prescribed by the Commission, and the manufacturer's certificate of origin. The secured party shall deliver the lien entry from and the required lien filing fee within ten (10) days as provided hereafter with certificate of title or the application for certificate of origin to the Commission or to a motor license agent. If the lien entry form, the lien filing fee and the certificate of title or application for certificate of title and the manufacturer's certificate of origin are delivered to the Commission or to a motor license agent within ten (10) days after the *date of the lien entry form*, perfection of the security interest shall begin from the date of the execution of the lien entry form, but, otherwise, perfection of the security interest shall begin from the date of the delivery to the Commission or to a motor license agent. (Emphasis added)

Thus, the Oklahoma Legislature has mandated that the date of most significance, and therefore the date which this Court shall examine, is that of execution of the Lien Entry Form. Since this is the case, any allegations or evidence as to the date of execution of the Security Agreement are deemed irrelevant.

E. GMAC, in the instant case, had total and complete control over the date of execution placed upon the Lien Entry Form. This document was never in the control of the Debtor, and thus the fate of the perfection of GMAC's security interest rested squarely on the shoulders of the creditor. GMAC undoubtedly executed the Lien Entry Form as the secured party and inserted thereon the date of that execution as "10–24–88." Also, clearly contained on the Lien Entry Form is a designation as to the date that the Lien Entry Form was received by

the Motor License Agent of November 9, 1988 at 11:30 a.m. This positively demonstrates that the creditor failed to deliver the Lien Entry Form within ten (10) days of the date affixed thereon and thus perfection is deemed to have occurred on the date of delivery to the Motor License Agent, some thirteen (13) days after the filing of the Bankruptcy Petition.

IT IS THEREFORE ORDERED that GMAC's Objection to the Motion for Authority to Sell Property Free and Clear is hereby overruled. The Trustee is directed to submit a proposed Order granting the Motion for Authority to Sell as filed.

IT IS FURTHER ORDERED that the Motion for Summary Judgment and Request for Hearing thereon filed by GMAC are hereby denied.