14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 PLUMBERS & PIPEFITTERS LOCAL 507, PENSION, WELFARE,
APPRENTICESHIP TRAINING FUNDS, Plaintiffs-Appellees,
v.
ROBERT CARLSON PLUMBING, INCORPORATED, an Illinois
corporation, Defendant-Appellant.
 Nos. 93-1179, 93-1484.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 27, 1993.
Decided Jan. 14, 1994.
 
 1
 Before CUMMINGS and ROVNER, Circuit Judges, and GRANT, District Judge*.
 
 ORDER
 
 2
 Plaintiffs are employee pension, welfare, and training funds of Plumbers and Pipefitters Local 507 (the "Funds"). The Funds are maintained under the Labor Management Relations Act (29 U.S.C. Sec. 141 et seq.) and under the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. Sec. 1001 et seq.). Plaintiffs' lawsuit asserts that defendant Robert Carlson Plumbing, Incorporated ("Carlson Plumbing"), owes them contributions on behalf of one of its employees, Nicholas Gedritis, for the period January 1, 1989 through June 30, 1991.
 
 
 3
 During the period June 1, 1988, through May 31, 1992, Carlson Plumbing was bound by several agreements to which Plumbers and Pipefitters Local 507 was a party. Pursuant to these agreements defendant was required to pay specified fringe benefit contributions to the Funds for each hour's wages it paid to journeymen, apprentices, and metal trade division plumber and pipefitter employees. In 1991 the Funds audited Carlson Plumbing's books and records for the period January 1, 1989, through June 30, 1991. Plaintiffs assert that pursuant to that audit, defendant owes them contributions totaling $24,226.74 (R. 35 at 1), including liquidated damages, on behalf of Gedritis. The only issue for the court below was whether defendant was obligated to pay these fringe benefits during the audit period.
 
 
 4
 The parties agree that if Gedritis performed plumbing work for defendant during that period, then contributions were due on his behalf. Plaintiffs contend that Gedritis was an apprentice plumber and performed plumbing work during that period. Defendant contends that Gedritis was a shop boy who was not authorized to and never did perform plumbing work for Carlson Plumbing. The lower court's determination of whether fringe benefit payments were due on Gedritis' behalf during the audit period depended, therefore, on its determination of whether Gedritis performed plumbing work for defendant during that period.
 
 
 5
 At the bench trial, Carlson Plumbing provided the testimony of several witnesses, including Gedritis himself, in support of its claim that Gedritis had never performed plumbing work for it. The Funds provided evidence of prior inconsistent statements by Gedritis and some circumstantial evidence tending to support their claim that Gedritis had performed plumbing work for the defendant during the audit period. After evaluating the credibility of the witnesses the district court found in favor of the Funds and entered judgment in the amount of $22,199.86, plus $31,670 in attorneys' fees and $6,847.68 in costs.
 
 
 6
 Carlson Plumbing appeals from the court's factual determination that Gedritis did perform plumbing work during the audit period, on the ground that the finding is clearly erroneous, and also appeals from the court's award of attorneys' fees and costs, on the ground that the court abused its discretion in determining the amount of attorneys' fees. Because the court's findings of fact are not clearly erroneous, we affirm the decision in favor of the Funds. The court made several slight errors in allowing certain items as reasonable attorneys' fees and costs, however, so we reverse the court on that issue and remand with instructions to reduce plaintiffs' award by $1,080.
 
 Liability of Defendant
 
 7
 The district court's findings of fact will be upheld unless they are clearly erroneous, and that court is the judge of the credibility of the witnesses. Fed.R.Civ.Proc. 52(a); Daniels v. Essex Group, Inc., 937 F.2d 1264, 1268 (7th Cir.1991). If the court's account of the evidence is plausible, its findings cannot be clearly erroneous. Etter v. J. Pease Construction Co., Inc., 963 F.2d 1005, 1010 (7th Cir.1992).
 
 
 8
 In this case three of defendant's employees (owner Robert Carlson, Sr., his son Robert Carlson, Jr., and his half-brother Ollis Gabriel) testified that Gedritis did not perform plumbing work during the audit period. In addition, Gedritis himself testified to that effect. Defendant argues that this testimony of eyewitnesses ought to have been credited.
 
 
 9
 The Funds, however, provided testimony by Tom Rogala, a former Carlson Plumbing supervisor, that Gedritis had readily connected plumbing pipe on several occasions prior to the audit period, inviting the inference that he had done that or similar jobs during the audit period. In addition plaintiffs provided evidence that Gedritis' performance on the state plumbing examination was much better than average. Dean Thady, the state's chief plumbing inspector and plumbing code consultant, testified that Gedritis' performance on the written and practical portions of the examination indicated that he "had quite a bit of experience in installing plumbing systems" (Tr. 59). He testified that someone who had not done that type of work would not be able to complete the practical part of the examination.
 
 
 10
 Plaintiffs also introduced evidence of prior inconsistent statements by Gedritis: First, Gedritis had referred to himself as a plumber on car loan applications in March 1989 and January 1990, where he also indicated that he was a licensed apprentice plumber. Second, in Gedritis' August 1992 application for membership in Chicago Journeymen Plumbers Local 130 the number 2 was entered next to the space provided to indicate years of journeyman experience and the number 5 was entered in the space provided to indicate years as an apprentice. Although Gedritis denied having entered those numbers, the judge determined that he had. Third, in his October 1991 application for the state plumbing examination Gedritis indicated that he had performed 11,000 hours in the plumbing trade under Robert Carlson, Sr.'s supervision. Dean Thady said in his testimony that an application like Gedritis' would indicate that the applicant actively engaged in installing plumbing of all types.
 
 
 11
 Finally, the Funds introduced evidence that Gedritis' salary while he was employed by Carlson Plumbing was comparable at all times to the union wages paid to apprentice plumbers, supporting the court's finding that Gedritis was performing plumbing work for the defendant as opposed to performing the duties of a shop boy.
 
 
 12
 Because she found the Carlson family members to be "self-interested," the judge below found their testimony unconvincing. Likewise, based on Gedritis' demeanor at trial and his prior inconsistent statements, the judge found that he was not a credible witness. Because of the evidence presented by the plaintiffs indicating that Gedritis had, indeed, performed plumbing work for Carlson Plumbing during the audit period, Judge Conlon found that the Funds had sustained their burden of proving by a preponderance of the evidence that Carlson Plumbing owed them contributions on Gedritis' behalf.
 
 
 13
 While defendant is correct that much of the evidence amassed by plaintiffs is circumstantial, the district court was under no obligation to credit eyewitness testimony rather than circumstantial evidence. Moreover, Rogala was an eyewitness favoring the Funds. The district court "has the inherent right to disregard the testimony of any witness when [it] is satisfied that the witness is not telling the truth." Sun Life Assurance Co. v. Stacks, 187 F.2d 17, 20 (7th Cir.1951), quoted in Gianukos v. Loeb Rhoades & Co., Inc., 822 F.2d 648, 655 (7th Cir.1987). This is particularly true where, as here, "the circumstantial evidence to the contrary [is] overwhelming," Gianukos, 822 F.2d at 656, and where the trier of fact disbelieved defendant's testimony. In this case, as in Gianukos, the circumstantial evidence "is as probative as direct evidence and may come close to establishing facts directly contrary to attempted explanations." Id. at 656-657. While Carlson Plumbing has provided its own interpretation of the facts established by the plaintiffs, it has not convinced us that "what the district court finds to be true is definitely not." Chesser v. State of Illinois, 895 F.2d 330, 335 (7th Cir.1990). The district court's determination that Gedritis performed plumbing work during the audit period, and therefore that Carlson Plumbing owed the Funds contributions on his behalf, is not clearly erroneous and will not be disturbed.
 
 Attorneys' Fees and Costs
 
 14
 Under 29 U.S.C. Sec. 1132(g) the plaintiffs, having received a judgment in their favor, are entitled to their reasonable attorneys' fees and costs. The district court allowed plaintiffs $31,670 of their claimed $31,700 attorneys' fees and $6,847.68 of their claimed $7,106.48 costs. Defendant appeals on the ground that the judge abused her discretion, Samuels v. American Motors Sales Corp., 969 F.2d 573, 579 (7th Cir.1992), in awarding certain items claimed by the Funds. First, defendant objects to legal fees claimed by the Funds for services provided by more than one attorney for tasks that Carlson Plumbing believes could have been performed by only one attorney. Second, defendant objects to legal fees claimed by the Funds for six hours of trial time when the record indicates that petitioners' attorneys did not bill them for trial time. Finally, defendant objects to fees claimed by the Funds for the time spent by their expert witness in preparing to give a deposition.
 
 
 15
 With respect to Carlson Plumbing's objection to legal fees that it considers to be duplicative, we agree with the district court that this argument is "so untenable as to be frivolous" (Appellant's App. 12). It is common knowledge that attorneys often collaborate on litigation. Defendant has conceded that the hourly rate charged is reasonable and below the prevailing rate for comparable work. Moreover, the funds' lawyers surprisingly agreed not to charge for trial time.
 
 
 16
 We agree, however, with Carlson Plumbing's two other objections. The record is clear that the Funds' attorneys did not charge them for trial time, and 32.0 hours of trial time was accordingly deducted from plaintiffs' petition for fees and costs. Defendant claims that a review of the attorneys' invoices reveals that 38.0 hours were spent at trial. Plaintiffs have not shown that this computation was erroneous; therefore we will allow the deduction for an additional six hours of trial time at the rate of $100 per hour. Similarly, plaintiffs have not shown that they spent $480 in fees for a trial expert within the meaning of Federal Rule of Civil Procedure 26(b)(4)(B), which the parties agree is the relevant rule in this case. Indeed, in responding to defendant's interrogatories plaintiffs never identified this witness as an expert. In addition, plaintiffs never produced any invoice for his time. Consequently $480 should not have been awarded for expert costs.
 
 Conclusion
 
 17
 For the foregoing reasons the decision below is affirmed except that the judgment for attorneys' fees and costs must be reduced by $1,080.
 
 
 
 *
 The Honorable Robert A. Grant, District Judge for the Northern District of Indiana, is sitting by designation